L. A. Meraux, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. L. A. Meraux, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 82461, 82462. Promulgated July 28, 1938.

*William C. Orchard, Esq.,* and *Robert S. Link, Jr., Esq.,* for the petitioners.

*Harold Allen, Esq.,* for the respondent.

202

204

OPINION.

LEECH: Petitioners have waived the bar of the statute of limitations to an assessment of deficiencies for both years involved. Thus, they have the burden of establishing error in the respondent's determinations of those deficiencies. *Welch* v. *Helvering*, 290 U. S. 111. But, to sustain any of the fraud penalties, the respondent has the burden to establish, by clear and convincing evidence, that some part of the deficiency, to which a fraud penalty has been added, resulted from the fraud of the taxpayer with intent to evade income tax. Revenue Act of 1924, sec. 907 (a), as amended by section 601 of the Revenue Act of 1928. See also *Drawoh, Inc.*, 28 B. T. A. 666.

Based on stipulations or failure of proof, we have found as facts that petitioners have not established error as to certain of respondent's adjustments in their taxable income. No discussion about those findings seems necessary. Accordingly, respondent is affirmed therein.

As to the items contested by petitioners, on which other specific findings have been made, only a few warrant further consideration here.

In his adjustment of the taxable income of the petitioner, L. A. Meraux, for 1930, as item 3, respondent increased the reported taxable income of the petitioner, L. A. Meraux, for 1930, by $2,880.98, as his community half of a payment of $5,761.96 received in 1930, consisting of the final installment in the purchase of land from this petitioner which had occurred in a prior year in the so-called Acme Land & Fur Co. deal. The entire payment received in 1930 is treated by respondent as taxable gain to the petitioners in that year. It is stipulated that the property sold had a cost of $30,000 to petitioner and an associate, of which petitioner's share was $15,000. The property was sold for $63,000 in 1927, at which time $25,500 was received in cash, together with a note for $37,500. Of the initial payment, $6,833.33 was received in that year by petitioner. During 1929, a payment of $25,000 was made on the note, of which petitioner received $12,500. The record does not reveal that this petitioner, in prior years, returned as gain, any portion of the payments made. He did not report the note thus received, covering deferred payments, as income in any amount. There is nothing in the evidence here to establish that such note had a fair market value on its receipt, which would have been taxable then and not later. Thus, it follows that the petitioner has failed to prove error in respondent's determination that the entire $15,000 cost of his share in the property had been recovered by petitioner prior to 1930, and that all of the $5,761.96 received in the latter year, was community income and taxable to petitioners for 1931 as such. But the inclusion of this item twice, in petitioner's income was error, as has been found.

The evidence is conclusive that the item of $2,480, which was a part of the sum by which respondent increased the income of the petitioner, L. A. Meraux, for 1930 under item 1, entitled "Fees, salaries, rentals, etc.", consisted of a deposit in bank, during that year, of contributions of individuals to a political organization. This money was not the property of the petitioner, nor was it received as such, but was handled by him as a mere conduit in its transmission, immediately after its receipt, to the organization to which it belonged. The addition of this item to income has therefore been disapproved. *Corliss* v. *Bowers*, 281 U. S. 376.

Under item 5 of respondent's adjustments to the income of the petitioner, L. A. Meraux, for 1931, he included as income $2,400 deposited in bank during that year by Meraux. The evidence here leaves no doubt, in our judgment, that this deposit consisted of collections of poll tax, remitted the following day by check to his official account as sheriff of the parish. He was a mere conduit. He col-

lected it only for the purpose of so remitting it. The inclusion of this item in income was erroneous. *Corliss* v. *Bowers, supra.* Included also in the increase to the income of the petitioner, L. A. Meraux, for 1931, under item 5, were note liabilities, totaling $8,500, paid by this petitioner in cash during that year. Respondent says that the source of the cash used to make these payments is not disclosed and that it can not be identified with cash receipts included by petitioner in reported income or with proceeds of withdrawals from banks. As to this item this petitioner testified that $500 of the cash thus used was received by him in the repayment of a loan made in prior years to one Langlois. His testimony about the receipt of this payment is substantiated by Langlois and the draft with which it was paid. He testifies that other payments on account of this total indebtedness, but how much he does not say, were made from money paid to him in that year by one Stander, to whom he had loaned $2,000 in prior years. The evidence of this loan was corroborated by Stander. He was a deputy sheriff employed in this petitioner's office for nine months of the year at a salary of $150 a month, and spent the remaining three months trapping muskrats. He has a large family and his entire salary is used for its support. Stander testified that petitioner loaned him $2,000 in cash in 1929 for the purchase of a boat and that he repaid this loan in cash to this petitioner during 1931.

Although this transaction with Stander is unusual, it is established by the uncontradicted testimony of these two witnesses that petitioner did thus receive $2,000 in cash from Stander and $500 from Langlois. We think the payment of that portion of the note liabilities is thus explained as from funds other than taxable income.

A $7,000 loan, paid in cash, is explained by this petitioner with a statement about a transaction with two parties named Meraux and Nolan. It is somewhat confusing in its detail. However, the substance of this testimony is that he borrowed $7,000 from a bank to loan to these parties and that such loan to them was repaid by their payment of petitioner's note at the bank. Although we have only petitioner's testimony, which shows that other parties had full knowledge of this transaction, none of whom testified, petitioner's categorical statement that he did not pay this loan stands uncontradicted. And that statement is not unreasonable in view of the witness's obvious informal manner of conducting business transactions. It is also noted that this petitioner, in his testimony on the payment of this loan, indicated there was a witness present under subpoena in the case who knew all the details of the transaction. This witness was the cashier of a bank at Arabi, Louisiana, where petitioner lived and where he carried an account. This witness later testified, as a witness for this petitioner, in regard to other items. He was not questioned either on

207

direct or cross-examination as to this loan or its payment. Admissible testimony of this witness corroborating this petitioner would undoubtedly have disposed of the item in question as being improperly included in petitioner's income by respondent. However, in view of the entire situation, and the fact that the respondent did not attempt to examine the witness on this transaction on cross-examination or, as his own witness, on direct examination, and offered no other evidence contradicting this petitioner, we think the presumption of correctness attaching to the respondent's determination that this item constituted unreported income is overcome, and have so found. Its elimination from contested income follows.

Under item 18 of respondent's adjustments to the income of the petitioner, Mrs. L. A. Meraux, for 1931, he disallowed a claimed deduction for a casualty loss resulting from the wreck of her automobile in 1931. Respondent supported this action on the ground that the automobile had been purchased several years previous to its wreck in 1931 and that its cost had then been fully depreciated. But the basis for determining the amount of such deductible loss is the cost of the property less allowable depreciation. Here the automobile was in personal and not business use so no depreciation was allowable thereon and no portion of the cost could have been recovered through proper deductions therefor. Since, therefore, the cost of the destroyed car to this petitioner was, at least, $1,800, and its value when destroyed was $1,800, it follows that she has sustained her right to the deduction of that amount for 1931. *Helvering* v. *Owens*, 95 Fed. (2d) 318; *Helvering* v. *Obici*, 97 Fed. (2d) 431.

In the recomputation of the taxable income of the petitioner, Mrs. L. A. Meraux, under this opinion, the disposition therein of adjustments to community income and deductions pertinent thereto, will be controlled by the disposition herein of the same adjustments to the taxable income of the petitioner, L. A. Meraux.

This leaves for consideration the penalties proposed by respondent. In so far as the petitioner, Mrs. L. A. Meraux, is concerned, the proof is wholly insufficient to establish that any part of the deficiencies determined against her for either of the two years in question was caused by her fraud with intent to evade tax. The correctness of this conclusion is admitted by respondent upon brief.

As to the petitioner, L. A. Meraux, the deficiencies for the two taxable years, as determined by respondent, total $1,011.01. The recomputation under this opinion will reduce them.

The notices of these deficiencies are dated September 18, 1935. Fraud penalties were not originally asserted by respondent. Not until December 16, 1937, after the proceedings had been regularly calendared for hearing, did he move to add the fraud penalties.

The record shows that this petitioner is a prominent and respected citizen in his community. He was and is sheriff of the parish in which he lives. He is a general practitioner of medicine. He has many interests. His activities are varied and his income is drawn from numerous sources. He accounted for almost $40,000 in his return for 1930 and about $33,000 in his return for 1931. A large proportion of the income received in both of the taxable years was nontaxable. His substantial bank accounts, in a considerable part, consisted of the proceeds of loans to him.

It is clear that he was without any adequate system of accounting for receipts and expenditures. He must suffer the consequences of that condition in so far as its existence prevents his establishing error in the determination of his tax liabilities. *Bishoff* v. *Commissioner*, 27 Fed. (2d) 91; *Pottash Brothers*, 12 B. T. A. 190. But it is hardly evidence of fraud in the present circumstances. The record discloses not only that he failed, in several instances, to claim deductions, or their full amounts, to which he was entitled in his returns for the taxable years, but respondent agrees that this is so in his computation of the deficiencies. Thus, as this Board said in *Oscar G. Joseph*, 32 B. T. A. 1192:

\* \* \* His very inconsistency and indifference to the result indicate negligence and carelessness rather than fraudulent intent. \* \* \*

The deficiencies resulted from respondent's disallowance of deductions taken on the petitioner's returns for the two pending years, or his determination that petitioner received taxable income, during that time, which was not reported.

We have sustained respondent in his action on many of these items in both categories. In most instances, if not all, this was because petitioner either did not contest those items of adjustment or failed to prove error in them. Thus, the disallowance of many of the deductions results, wholly, from petitioner's failure to establish the expenditures supporting them. But that such expenditures were made and the evidence to sustain them was destroyed in a fire which admittedly occurred, or is unavailable in the circumstances, is not so unreasonable as to support an allegation of fraud. The situation is substantially similar as to the items of income which respondent determined petitioner had received during the taxable years but did not report. The adjustments supported by such alleged omissions are approved here only because of the failure of the taxpayer to identify such alleged omitted items of income, consisting of deposits in bank or the payment of liabilities in cash, with any specific portions of the income reported. But these items lack the essential proof that such income was actually received and, if so, was not reported in the return. The inability to identify such income is sufficient, of course, to sustain its inclusion as additional income not reported. Likewise, petitioner's ·failure to

contest the disallowance of losses or his failure to overcome the presumption of correctness attaching thereto, warrants our approval of such disallowances. But, such evidence falls short of the clear and convincing proof necessary to sustain a finding of fraud. *Oscar G. Joseph, supra.*

Whether there are other instances of adjustment, the propriety of which are supported by any affirmative evidence, it is difficult to determine from this record. But, if there are such other instances, they involve items so trivial that, when considered in the light of petitioner's standing in his community, his informal business methods and his categorical statement that, if errors occurred in his returns for the taxable years they resulted from innocent mistakes and were not intentional or for the purpose of evading tax—the evidence as to such items is even less convincing of fraud.

The record is not satisfactory. However, the evidence considered as an entirety is not sufficient to sustain respondent's statutory burden of proof that any part of any of the deficiencies was due to fraud with intent to evade tax. But, it is equally clear that petitioners' errors in all their returns for both years, resulting in understatement of income or overstatement of deductions, were negligent. The fraud penalties proposed under the Revenue Act of 1928, section 293 (b), are, therefore, disapproved, and the negligence penalties proposed under section 293 (a) of the same revenue act, as to all deficiencies recomputed under this opinion, are sustained. *Oscar G. Joseph, supra; Edmond A. Hughes,* 27 B. T. A. 1022; *Thomas J. Avery,* 11 B. T. A. 958; *American Packing Co.,* 3 B. T. A. 195.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*