**WHITMYER v. LINCOLN PARISH SCHOOL BOARD et al.**

Civ. A. No. 2250.

District Court, W. D. Louisiana, Monroe Division.

Feb. 11, 1948.

A. P. Tureaud and Louis Berry, both of New Orleans, La., and Thurgood Marshall, of New York City, for plaintiff.

Truett L. Scarborough, of Ruston, La., for defendants.

DAWKINS, District Judge.

Plaintiff, alleging himself to be a colored schoolteacher of Negro blood, permanently employed by the defendant school board, brings this suit as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for declaratory judgment. He charges that, although equally qualified with white teachers, he and others of his race have been discriminated against in the salaries and compensation paid them as compared with those paid white teachers, out of public school funds. Defendants are the school board for Lincoln Parish and its superin-

tendent. Details of the extent and amount of discrimination are set forth in the complaint.

The prayer is that the Court "declare the rights and legal relations of the parties to the subject matter in controversy, in order that said declaration shall have the force and effect of a final judgment or decree"; and that it adjudicate the rights of colored teachers to be equal with those of the white race, as between those of the same qualifications, training and experience; and that the failure to do so by defendants constitutes a violation of the 14th Amendment of the Federal Constitution. Finally, he prays for an injunction against further discrimination.

Defendants move to dismiss the complaint on the ground that (a) it fails to state a claim upon which relief can be granted; (b) for want of jurisdiction, since "no law or regulation is involved which can be said to be a violation of that (14th) Amendment, nor is the action dependent upon the construction of the Constitution and laws of the United States"; (c) that the amount involved is below the minimum jurisdiction of this court; (d) there is no diversity of citizenship; (e) that the suit is in reality against the State of Louisiana and that it is brought in violation of the 11th Amendment of the Federal Constitution; (f) the salaries of all teachers are fixed by the Board and become the subject of written contracts between the teachers and the School Board; and the plaintiff, as well as others claiming such discrimination have an adequate remedy by an action at law; (g) that this is not a true class action as contemplated by Rule 23 of the Federal Rules of Civil Procedure, in that: (1) plaintiff in bringing this suit is acting merely as an individual "and not as a true representative of the Negro principals and teachers as a class", (2) that there is not and has not been an actual controversy as between "the Negro principals and teachers as a class on the one hand and the defendants on the other hand", (3) that plaintiff is not the true party in interest "but that the interested parties, none of whom are Negro principals or teachers of the Lincoln Parish School Board, live outside of Lincoln Parish, and have persuaded plaintiff to permit this suit to be brought in his name", after failing to induce others to do so and, (4) that plaintiff "is not truly or clearly representative of the Negro principals and teachers of the Lincoln Parish School Board."

At the same time, defendants pleaded nonjoinder, in that the State Board of Education domiciled at Baton Rouge in the Eastern District of Louisiana, is a necessary party to this suit and that the Lincoln Parish School Board is without power or authority to spend any sums above those allocated to it by said State Board and are subject to severe criminal penalties for doing so "without the approval of the Budget Control Committee of the State Board of Education."

The matter was argued and submitted on October 8, 1947, "on briefs to be filed". Plaintiff's memorandum was filed on that date but as of the time of transmitting the record by the Clerk to this Court, December 30, 1947, defendants had not and have not yet filed any briefs.

It is not deemed necessary to review at length the law and authorities applicable to this case. They are: United States Constitution, Amend. 14; Section 41(1, 14,), 28 U.S.C.A.; Sections 41 and 43, 8 U.S.C.A.; Federal Rules of Civil Procedure for District Courts, 17(b) and 23, 28 U.S.C.A., following Section 723c; Alston et al. v. School Board of the City of Norfolk et al., 4 Cir., 112 F.2d 992, 130 A.L.R. 1506; Mills v. Board of Education of Anne Arundel County, D. C., 30 F.Supp. 245; McDaniel v. Board of Public Instruction, D.C., 39 F. Supp. 638; State of Missouri ex rel. Gaines v. Canada et al., 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Home Telephone and Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510; Const. of La. Art. XII, Sections 1 and 10; Louisiana General Statutes (Dart), Sections 2236, 2238, 2239 and 2240, Act No. 100 of 1922, §§ 17, 19–21.

It is my view that the motions should be and they are accordingly overruled.

Proper decree should be presented.