**HEARD et al. v. OUACHITA PARISH SCHOOL BOARD et al.**

**Civ. No. 2996.**

United States District Court
W. D. Louisiana, Monroe Division.

Jan. 22, 1951.

898

A. P. Tureaud, New Orleans, La., for plaintiffs.

Fred Fudickar, Jr., Monroe, La., for defendants.

DAWKINS, Chief Judge.

Plaintiffs, Negroes, sued the local school board and its superintendent for the Parish of Ouachita, alleging discrimination in buildings, facilities, equipment, courses, transportation to and from school for schoolchildren, solely because of race or color. Plaintiffs prayed for a declaratory judgment finding the discrimination as alleged and permanently enjoining its further practice.

Defendants move to dismiss for want of jurisdiction in this court, contending the state is an indispensable party; that the Constitution and laws of Louisiana provide an elaborate system for public schools, whereby the "major portion of the funds" for their operation are furnished and controlled by the state, through its board and superintendent of education, who are state-wide officials; and that the defendants and the funds which they spend are entirely under the control of said state officers, including the state treasurer, which makes the state an indispensable party; that defendants are necessarily vested with discretion in the handling of the affairs of the local board and cannot be controlled by injunction; that the plaintiffs have failed to allege exhaustion of administrative remedies; and, finally, that the complaint does not state an issue or controversy in which a declaratory judgment could be entered.

This court in the case of Whitmyer v. Lincoln Parish School Board, D.C.1948, 75 F.Supp. 686, 687, had occasion to consider a similar contention with respect to alleged discrimination in salaries of teachers of the two races, and found that the state was not a necessary party, in view of the authorities which were there cited. It is not deemed necessary to review those cases, but sufficient to say that the principle involved is the same here, the only difference being that the alleged discrimination there was with respect to teachers' salaries, while here it goes further and includes practically all of the facilities, etc., provided for both grade and high schools in the parish.

However, it is believed that the State Board of Education and the State Superintendent are necessary parties because of the powers, authority and control given them by the Constitution and laws of the state over the funds, most of which are supplied by these state agencies out of the state treasury. Section 88 of Title 17 of the Louisiana Revised Statutes of 1950 provides as follows:

"* * * The revenues, expenditures, and disbursements in this budget shall be listed and classified on such forms and in such manner and substance as shall be prescribed by the state budget committee, and shall detail as nearly as possible the several items of expected cost, revenue, expenses and disbursements, the total of which shall not exceed the expected receipts; and no

item of cost, expense, or disbursement indebtedness not included in the detailed estimates shall be paid by the treasurer, or ex-officio treasurer, of the school board, under the penalty that he and his surety or bondsman, shall be personally liable for any items so paid and not included in this budget of expenditure. The payment of debts arising out of the current operation of previous years shall be taken care of in accordance with law. If, during the course of the school year, receipts from any unexpected or contingent sources are realized, then the parish school board shall, before any such funds are allocated, committed, expended or disbursed, prepare and adopt, in like form, manner, and substance and upon like penalties, an amended budget of revenues, expenses and disbursements.

"Provided, that parish school boards shall submit to the state budget committee, composed of the governor, the state superintendent of education and the state treasurer, copies of their budgets not later than August first of each year, for review, examination, and approval; provided, further, that the state budget committee shall have authority over the budgets of parish school boards, and may at any time, or as emergencies may require, revise or amend, in whole or in part or as to any item, the budget of any parish school board, except that the state budget committee shall not, in exercising such authority, impair the obligation of any contract.

"The state budget committee or the state board of education may require the parish school boards to operate the schools within the receipts normally expected and set up in the school budget. * * *"

Since the local board under this distribution of authority is, in effect, a subordinate agency whose budget, funds and expenditures are controlled and must be approved by the State Board, and are subject to change by it at all times, any decree in this case, to be effective, must be against those officers who possess the power to correct the alleged discrimination, in addition to the local board who act more or less in an administrative capacity in performing its duties.

Previous rulings and decisions, upon the necessity of suing state agencies at the place where they perform their duties, seem to have been eliminated by Section 1392 of Title 28 of the U. S. Code Annotated with respect to suits brought against two or more defendants domiciled in different districts of the same state. The Act of June 25, 1948, Chapter 646, 62 Stat. 935, 28 U.S.C.A. § 1392, provides in part as follows: *"Defendants or property in different districts in same State.* (a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

■ Ordinarily, a state officer would be sued at his official domicile or the place where he performs his duties, but it is believed that this provision can and does apply equally to state officials as to private individuals who live in different districts of the same state.

■ It is the view of this court that the contention the state is a necessary party should be rejected, but that the State Board of Education and State Superintendent are necessary parties who may be made such herein by amendment.

In Mills v. Lowndes, D.C., 26 F.Supp. 792, 806, plaintiff sued the State Board of Education and state officers in connection with alleged discrimination in salaries of teachers. Judge Chesnut of the District of Maryland, on March 1, 1939, sustained a motion to dismiss, "unless counsel for the plaintiff desires to amend the complaint" as indicated in the opinion, on the ground that the discrimination was committed by the county authorities and not by the State Board which had allocated the funds to the counties to be spent upon budgets provided by their local boards.

Subsequently, in Mills v. Board of Education, D. C., 30 F.Supp. 245, 250, the same Judge had occasion to decide a similar question of discrimination in teachers' salaries, wherein the County Board of Education contended that "if the plaintiff is entitled to the relief prayed for in this case, it (the local board) has a remedy over against the State Board of Education

and the County Commissioners of Anne Arundel County. But for the reasons fully stated in the opinion in the former case (supra), I do not find or conclude that there is any judicial remedy, as distinct from legislative amendments, to which the defendants are entitled against the State Board of Education and the state officers in charge of the Equalization Fund, or any present remedy over against the County Commissioners of Anne Arundel County. The applicable legal procedure is that the County Board of Education will have to prepare a new budget for the next scholastic year, and the County Commissioners, to the extent required by the statutes, will thereafter have to fix the necessary county rate for taxation. I conclude therefore that the third party complaints must be dismissed."

As indicated, the local board attempted to make the State Board a third party defendant, and this demand was rejected, it being held that since the power to make the budget was in the local board and the funds had been allocated by the state authorities, the power to correct the alleged discrimination was in the local board and, therefore, the state authorities were not necessary parties and could not be brought in by a third party complaint.

In the present case, Louisiana Revised Statutes of 1950, supra, clearly vest in the State Board the powers which were found to be in the local board or authority in the cases considered by Judge Chesnut.

See also Cook v. Davis, 5 Cir., 178 F.2d 595, especially as to the necessity of exhausting administrative remedies.

Insofar as the allegations of the complaint are concerned, or any provisions in the Statutes or Constitution above referred to, there does not appear to be any procedure whereby individuals, such as the plaintiffs, may appear or intervene in proceedings conducted by the state and local boards for the final allotment and spending of funds for school purposes.

■ It seems clear that the plaintiffs are not required to resort to the state courts before seeking relief in those of the nation. Their alleged cause of action arises under the laws of the United States, and they may assert it in the first instance in a proper federal court. Mitchell v. Wright, 5 Cir., 154 F.2d 924; Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281.

The contention that the State Board of Education and the State Superintendent of Education are necessary parties is sustained, with leave to make them parties by amendment.