**GARCIA v. LANDON, District Director of Immigration and Naturalization.**

No. 13705.

United States Court of Appeals Ninth Circuit.

Sept. 29, 1953.

Rehearing Denied Nov. 2, 1953.

Harry Wolpin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Chief, Civil Division, Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Carlos Alvarez Garcia, also known as Carlos Garcia-Alvarez, a Mexican alien, was lawfully admitted to the United States for permanent residence on June 15, 1922. Appellant has resided in the United States continuously since June 15, 1922, except for visits to Mexico between June 15, 1922, and May 15, 1949. After each such visit, appellant returned to and entered the United States. He last entered the United States on May 15, 1949.

On August 12, 1952, a warrant for appellant's arrest was issued by appellee, H. R. Landon, a district director of Immigration and Naturalization. That warrant stated, in substance, that, from evidence submitted to appellee, it appeared that appellant was deportable under the Act of October 16, 1918, as amended,[1] because, prior to May 15, 1949, he was a member of the Communist Party of the United States.[2] Under that warrant, appellant was arrested at Los Angeles, California, on August 13, 1952. A hearing was had at Los Angeles on August 18, 1952.[3] On August 20, 1952, the hearing officer (Wade H. Westmoreland) rendered a decision to the effect that appellant was deportable under the Act of October 16, 1918, as amended, because prior to May 15, 1949, he was a member of the Communist Party of the United States.[4] Appellant appealed from that decision, but the Board of Immigration Appeals dismissed that appeal on October 23, 1952. Accordingly, on October 29, 1952, the Attorney General, by Albert Del Guercio, an acting district director of Immigration and Naturalization, issued a warrant commanding the district enforcement officer at Los Angeles or any officer or employee of the Immigration and Naturalization Service to deport appellant to Mexico. Under that warrant, appellant has been detained in custody of an officer or officers of the Immigration and Naturalization Service at Los Angeles since October 29, 1952.

On December 1, 1952, appellant petitioned the United States District Court for the Southern District of California for a writ of habeas corpus. Thereupon,

1. As used in this opinion, the term "Act of October 16, 1918, as amended," means the Act of October 16, 1918, c. 186, 40 Stat. 1012, as amended by § 22 of the Internal Security Act of September 23, 1950, c. 1024, 64 Stat. 1006–1010, 8 U.S.C.A. §§ 137 to 137–8. The Act of October 16, 1918, as amended, was repealed by § 403(a) of the Immigration and Nationality Act of June 27, 1952, c. 477, 66 Stat. 279, effective December 24, 1952, but this case is not affected by the repeal. See § 405(a) of the Immigration and Nationality Act, 66 Stat. 280, 8 U.S. C.A. § 1101 note.

2. Section 1 of the Act of October 16, 1918, as amended, 64 Stat. 1006, 8 U.S. C.A. § 137, provided: "That any alien who is a member of any one of the following classes shall be excluded from admission into the United States: * * * "(2) Aliens who, at any time, shall be or shall have been members of any of the following classes: * * * "(C) Aliens who are members of or affiliated with (i) the Communist Party of the United States * * *."
Section 4(a) of the Act of October 16, 1918, as amended, 64 Stat. 1008, 8 U.S. C.A. § 137–3(a) provided: "Any alien who was at the time of entering the United States, or has been at any time thereafter, * * * * a member of any one of the classes of aliens enumerated in section 1(2) of this Act [8 U.S.C.A. § 137(2)], shall, upon the warrant of the Attorney General, be taken into custody and deported in the manner provided in

the Immigration Act of February 5, 1917. The provisions of this section shall be applicable to the classes of aliens mentioned in this Act [8 U.S.C.A. §§ 137 to 137–8], irrespective of the time of their entry into the United States."

3. Appellant testified at the hearing and, in the course of his testimony, admitted that he was a member of the Communist Party of the United States on October 29, 1940. Also received in evidence at the hearing was a statement made under oath by appellant to Austin E. Moe, an investigator and immigrant inspector of the Immigration and Naturalization Service, on June 19, 1952, and signed by appellant on August 13, 1952. In that statement, appellant admitted that he was a member of the Communist Party of the United States "in 1939 up to 1940, for two years."

4. The hearing officer found that appellant "voluntarily became a member of the Communist Party of the United States at Los Angeles, California, about or during 1939 and maintained that membership continuously for a period of approximately two years thereafter." Thus, in effect, the hearing officer found that, on and after May 15, 1949—the date of appellant's last entry into the United States—appellant was a member of one of the classes of aliens enumerated in § 1(2) of the Act of October 16, 1918, as amended, 64 Stat. 1006, 8 U.S.C.A. § 137 (2), namely, an alien who had been a member of the Communist Party of the United States. See footnote 2.

on December 1, 1952, the District Court issued an order requiring appellee to show cause why a writ of habeas corpus should not be granted. Appellee filed a return,[5] appellant filed a traverse, and the District Court entered a judgment discharging the order and denying the petition. This appeal is from that judgment.

 Appellant contends that the Act of October 16, 1918, as amended, was unconstitutional; that the evidence received at the hearing on August 18, 1952, was "insufficient to sustain the deportation charge;" that appellant "was not given a fair and impartial hearing;" that the hearing on August 18, 1952, "was not legally conducted;" that "the procedure required by law was not followed;" and that evidence not disclosed to appellant or his counsel was considered by the hearing officer in arriving at his decision, "thus rendering the hearing unfair."

There is no merit in any of these contentions. The Act of October 16, 1918, as amended, was constitutional.[6] The return and exhibits attached thereto[7] showed that the hearing officer's decision was amply supported by evidence, including appellant's own testimony;[8] that appellant had a fair and impartial hearing on August 18, 1952; that that hearing was legally conducted; that the procedure required by law was followed; and that the hearing officer's decision was based on evidence received in the presence of, and fully disclosed to, appellant and his counsel. Nothing to the contrary was alleged in the petition or in the traverse.

The petition stated that appellant's detention was unlawful, but that was a mere statement of a legal conclusion. Neither the petition nor the traverse stated any fact or facts warranting that conclusion or entitling appellant to a writ of habeas corpus.

Judgment affirmed.

---

5. Two exhibits (A and B) were attached to and made part of the return. Exhibit A was a copy of the warrant of deportation issued on October 29, 1942. Exhibit B consisted of originals or certified copies of the following documents: Appellant's statement of June 19, 1952, mentioned in footnote 3; the warrant of arrest issued on August 12, 1952; a transcript of proceedings had and evidence received at the hearing on August 18, 1952; the hearing officer's decision;

the dismissal of appellant's appeal from that decision; and the warrant of deportation. Exhibits A and B are in the record on appeal filed here on February 12, 1953, but are not in the "transcript of record" filed here on March 26, 1953.

6. See Galvan v. Press, 9 Cir., 201 F.2d 302, 305, and cases there cited.

7. See footnote 5.

8. See footnote 3.