Martin **JIMENEZ**, Appellant,

v.

Bruce **BARBER**, District Director of the Immigration and Naturalization Service for the Thirteenth Immigration District, Appellee.

**Undocketed.**

United States Court of Appeals
Ninth Circuit.
Oct. 13, 1955.

---

Lloyd E. McMurray, McMurray, Brotsky, Walker, Bancroft & Tepper, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and CHAMBERS, Circuit Judges.

PER CURIAM.

Martin Jimenez appeals from a decision of the United States District Court for the Northern District of California in a suit for a declaratory judgment holding, in accord with the Attorney General's decision, that he is not eligible to be considered for a suspension of deportation under 8 U.S.C. § 155[1] (now superseded by 8 U.S.C. § 1254). He seeks a stay of his deportation pending his appeal. We think that Jimenez has presented a substantial question for appeal and that the deportation should be stayed.

█ Jimenez alleges that he was held ineligible to apply for suspension of deportation because of his refusal to answer questions about his memberships, associations and beliefs *before* the five year period for which he had established good moral character under § 155. He contends that this procedure violated the guarantees of the First Amendment, and Article I, Section 9, Clause 3 (the Bill of Attainder clause) of the Constitution. Where governmental action effects an "indirect, conditional, partial abridgment" of free speech, that is, where one must give up a right or privilege as the cost of entertaining a belief, the Supreme Court has indicated each case rests on its own facts tested by a balance of the nature of the governmental interest against the degree of invasion of free speech. See American Communications Ass'n, C.I.O. v. Douds, 1950, 339 U.S. 382, 393,

---

1. § 155(c) provided: "In the case of any alien * * * who is deportable under any law of the United States and who has *proved good moral character* for the preceding five years, the Attorney General may * * * (2) suspend deportation of such alien if not racially inadmissible or ineligible to naturalization in the United States if he finds that such deportation would result in serious economic detriment to a citizen or legally resident alien who is the spouse, parent, or minor child of such deportable alien. * * *"

399, 70 S.Ct. 674, 684, 94 L.Ed. 925. The Supreme Court recently declined to decide the issue of the constitutionality of basing governmental action on memberships and associations. See Peters v. Hobby, 1955, 349 U.S. 331, 75 S.Ct. 790. We do not understand that Galvan v. Press, 1954, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 is necessarily decisive of the issue in this case. Likewise the scope of the bill of attainder clause is unclear as applied to the taking away of a right or privilege because of beliefs, memberships or associations. *Compare*, American Communications Ass'n, C.I.O. v. Douds, supra; Garner v. Board of Public Works of Los Angeles, 1951, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317 *with* United States v. Lovett, 1946, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252. These are questions worth argument.

■■ The United States contends that these questions will never be reached since (a) the declaratory judgment action is not appropriate here, and (b) Jimenez failed to join the Attorney General of the United States, an indispensable party. To the first contention we cite McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 holding that a declaratory judgment may be brought in a case such as this. The failure to join the Attorney General itself presents a substantial question: If the court resolved the substantive issue in favor of Jimenez, could it issue an effective order against the District Director of Immigration alone? This court has not ruled on whether the Attorney General is an indispensable party to an action such as this one.[2] At this point in the proceeding it would appear that the controversy is between Jimenez and the District Director.[3] Whether a suit must be brought against a superior governmental official or wheth-

er it may be brought against a local representative is a question of practicality hinging on whether the court can issue an effective order without jurisdiction over the superior. See Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 52–54, 75 S.Ct. 591; Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L. Ed. 95.

It is difficult to see how allowing Jimenez to appeal this case would prejudice the interests of the United States. He has resided here since 1928. The warrant for his deportation was issued in 1940 but the Immigration Service did not choose to enforce it by arresting him until 1951.

Jimenez's deportation is ordered stayed until the further order of this court.

---

2. This court has expressly declined to rule on the question. Rodriguez v. Landon, 9 Cir., 1954, 212 F.2d 508, 509, note 6. The cases of Diaz-Montero v. Brownell, 9 Cir., 1954, 217 F.2d 737 and Chavez v. McGranery, 9 Cir., 1955, 220 F.2d 857 do not decide this question.

3. Apparently the exercise of discretion to suspend deportation was carried out by the District Director of Immigration and Naturalization. See 8 C.F.R. § 150.10 (1949 edition).