Petros LEZOS, Appellant,

v.

Herman R. LANDON, District Director, Immigration and Naturalization Service, Appellee.

No. 14337.

United States Court of Appeals Ninth Circuit.

Dec. 14, 1955.

Rehearing Denied July 12, 1956.

582

Eugene Radding, Esther Shandler, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Andrew J. Davis, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and TAYLOR, District Judge.

JAMES ALGER FEE, Circuit Judge.

The proceeding under consideration was initiated February 11, 1954, by complaint in the District Court. That pleading prayed that defendant be enjoined from deporting plaintiff and that the order of surrender be vacated. Motion to dismiss the complaint was granted and appeal followed.

Below are matters admitted on the record. Lezos was born on the Island of Corfu in 1907. He entered the United States as a seaman on October 30, 1940, under a statute permitting a stay not to exceed twenty-nine days. He has remained here ever since. His stay after entry for temporary purposes is admitted by all to be illegal, including Lezos and his counsel.

On October 12, 1951, Lezos was arrested and charged with being in the United States in violation of law in that he remained in this country longer than permitted by statute. During the hear-

ing on April 10, 1953, he refused to designate any country to which he desired deportation. A final order of deportation issued on August 24, 1953. Thereafter, on October 1, 1953, and upon further request of the Service, he designated Albania as the country to which he desired to be deported, although the record clearly shows he is a citizen of Greece. The motivation for this request becomes obvious when it is known that the United States does not have diplomatic relations with Albania through which contacts with that nation could be made in behalf of Lezos. Landon was advised on November 13, 1953, that "the Department of State would not request permission for the entry of the deportee into that country." The complaint alleges that Lezos began efforts himself on August 27, 1953, to have Albania receive him. But on January 29, 1954, at a proceeding held by the Service, Lezos refused to divulge what progress he had made, if any, in contacting personally the Albanian government. He also refused an invitation to request additional time for his efforts.

■ On the face of the complaint, there is no allegation that Lezos is not deportable. It is recited that the order for deportation has become final. Lezos states his own fruitless efforts to obtain entry into Albania. The only alleged defects in the procedure are, first, that the country to which deportation is planned by Landon is not specifically named in the order calling for the surrender of Lezos for deportation on February 17, 1954. This, it is said, deprives Lezos of a chance to importune the Attorney General to withhold deportation under § 243(h) of the Immigration and Nationality Act of 1952, passed June 27, 1952, 66 Stat. 212, 8 U.S.C.A. § 1253(h).[1] But the complaint alleges on information and belief that Greece was the country designated in a warrant of deportation issued in this proceeding. There are no allegations that

Lezos would suffer persecution if he were sent to Greece.

■ Complaint is made in the second place that Lezos was not permitted to continue indefinitely his attempts to enter Albania. The statute provides:

"(a) The deportation of an alien in the United States provided for in this chapter, or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory, unless the Attorney General, in his discretion, concludes that deportation to such country would be prejudicial to the interests of the United States. No alien shall be permitted to make more than one such designation * * *. If the government of the country designated by the alien fails finally to advise the Attorney General within three months following original inquiry whether that government will or will not accept such alien into its territory, such designation may thereafter be disregarded. Thereupon deportation of such alien shall be directed to any country of which such alien is a subject, national, or citizen if such country is willing to accept him into its territory. * * * June 27, 1952, c. 477, Title II, ch. 5, § 243, 66 Stat. 212." 8 U.S.C.A. § 1253(a).

This matter is thus committed to the discretion of the Attorney General. The complaint alleged, as above noted, that on August 27, 1953, Lezos began his efforts to have Albania receive him. He alleges that the government of Albania has been considering his request since November 4, 1953. The discretion was not then abused.

Attempts to claim violations of procedural due process in this field by aliens illegally in this country should not be encouraged where a valid final order of

1. "(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

deportation has been issued. It is revealing to note that Lezos has been illegally in the United States for fifteen years. He was arrested for deportation first in October, 1951, over four years ago. Final order of deportation issued August 24, 1953, two years ago. It would seem the administrative officials have not only accorded to Lezos all rights and privileges, but their proceedings have been characterized by the utmost fairness and consideration.

The trial court held the complaint did not state a claim upon which relief could be granted. This holding is sound and is affirmed. The trial court also held that the Attorney General was a necessary party. Since this case is not for the review of any administrative proceedings and since the discretionary action of the Attorney General alone is questioned, the proceeding will not lie against Landon alone. Cf. Shaugnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591. The facts of this case do not persuade us that we can practically "issue an effective order without jurisdiction over the superior." Jimenez v. Barber, 9 Cir., 226 F.2d 449, 451. This ground of dismissal is sustained.

Affirmed.