Joseph **GAGLIANO** ex rel. Frank **GAGLIANO**, Appellant,

v.

Sam **BERNSEN**, Acting O.I.C., U.S.I.& N.S. New Orleans, Louisiana, Appellee.

No. 16393.

United States Court of Appeals Fifth Circuit.

May 17, 1957.

Dean A. Andrews, Jr., Gretna, La., for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, for appellee.

Before RIVES, JONES and JOHN R. BROWN, Circuit Judges.

JONES, Circuit Judge.

On January 3, 1956, a complaint was filed in the District Court for the Eastern District of Louisiana, by "Joseph Gagliano, through and on relation of his son, Frank Gagliano", instituting suit against Sam Bernsen, Acting Officer in Charge, United States Immigration and Naturalization Service at New Orleans, Louisiana. Joseph Gagliano, by judicial and administrative proceedings, had been successful in delaying deportation from the time a warrant of deportation was issued on February 4, 1954, until December 22, 1955. During December and prior to the twenty-second of that month action adverse to him was taken by the District Court for the Eastern District of Louisiana, the Court of Appeals for the District of Columbia, the Court of Appeals for the Fifth Circuit, the Supreme Court of the United States, and the Board of Immigration Appeals. The complaint was sworn to by Frank Gagliano who, in his jurat, avers that "he is the party bringing" the suit "for and on behalf of his father". In the complaint it was alleged that on December 22, 1955, there was pending on behalf of Joseph Gagliano, among other matters, a Motion for Stay of Deportation by reason of illness and a Motion for Stay of Deportation because of the threat of physical persecution if deported to Italy. Other matters then pending, as set forth in the complaint, need not be here recited. Frank Gagliano, the son, further alleged that the immigration officers

called at the premises of Gagliano in New Orleans and took him to the U. S. Public Health Service Hospital in New Orleans where he was given a physical examination after which he was kept in custody and taken by plane to Miami, Florida, thence to New York City, and from there to Italy. The complaint charges that the "spiriting of the body of Gagliano out of this jurisdiction, is and was illegal", a violation of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq., the Regulations issued thereunder and particularly the due process provision of the Fifth Amendment to the Constitution of the United States.

The complaint requested the court to decide the following:

"1. Whether or not the USI&NS may deport an alien without first notifying the alien to prepare for deportation?

"2. Whether or not the USI&NS may deport an alien without calling upon his bondsman to surrender the alien at a time and place set by the USI&NS?

"3. Whether or not the USI&NS may deport an alien without first cancelling his enlargement under administrative bail and notifying the alien to report for deportation?

"4. Whether or not the USI&NS may deport an alien by taking him in physical custody under the pretext of giving the alien a physical examination?

"5. Whether or not the USI&NS may remove an alien from one jurisdiction to another to defeat judicial process?

"6. Whether or not prior to actual deportation is there a duty on the part of the USI&NS to notify alien as to the disposition of his administrative pleadings?

"7. Whether or not the USI&NS may notify an alien of denial of administrative motions when he is held incognito and his whereabouts are unknown to alien and counsel?

"8. Whether or not the USI&NS has the power to short circuit judicial proceedings by removing an alien from one administrative jurisdiction to another?

"9. Whether or not, under the facts of this deportation procedure, did the USI&NS deport Gagliano, in the manner pointed out by law?"

The prayer of the complaint was that under the "all writs" statutory provision, 28 U.S.C.A. § 1651, the court command "the defendant agency" to restore the status quo by returning Joseph Gagliano to his New Orleans residence, that it answer the questions propounded, and for such other relief as the cause may permit.

The prayer of the complaint was that United States District Attorney, moved to dismiss the complaint on several grounds, among them being (1) lack of jurisdiction over the subject matter, Joseph Gagliano having been deported before the action was brought; (2) the failure to join the Attorney General as a party, he being an indispensable party beyond the jurisdiction of the court, (3) the absence of any right of Frank Gagliano to bring the action on his father's behalf, and (4) the failure to state a claim upon which relief can be granted. The district court entered its judgment granting the defendant's motion to dismiss for lack of jurisdiction of the subject matter and dismissing the action. In the notice of appeal there is incorporated a statement of the sole point of appeal as being "whether or not the United States District Court has jurisdiction to hear and determine the cause of action filed by plaintiff appellant."

■ An action must be brought in the name of the real party in interest. Fed.Rules Civ.Proc. rule 17(a), 28 U.S.C.A. The real party in interest in the person who possesses the right sought to be enforced. 2 Barron & Holtzoff 6, § 482. Frank Gagliano does not meet this test.

■ There is a further question as to whether the Attorney General or the

Commissioner of Immigration should have been named as a defendant, or was it sufficient to bring the action against the defendant Bernsen, a local official serving in a subordinate capacity. The rule is, it seems, that the superior officer is an indispensable party if the decree granting the relief will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him, but the superior officer is not an indispensable party if a decree against the subordinate before the court would effectively grant the desired relief. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Paolo v. Garfinkel, 3 Cir., 1952, 200 F.2d 280. In an action against a District Director of Immigration and Naturalization to review a deportation order, declare it void and enjoin its execution, the Commissioner of Immigration and Naturalization is not an indispensable party. As District Directors have authority to issue warrants of deportation, designate the country to which an alien shall be deported, and to determine when his mental or physical condition requires the employment of a person to accompany him, it is proper that the District Director should represent the Government in such cases. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; Ceballos v. Shaughnessy, 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583; Jiminez v. Barber, 9 Cir., 1955, 226 F.2d 449. In the Pedreiro and Ceballos cases the doctrine of Williams v. Fanning, was applied. There are, we think, cases where the Attorney General or the Commissioner is an indispensable party. See Lezos v. Landon, 9 Cir., 1956, 235 F.2d 581. If so, such a case is the one before us where the relief sought is, among other things, the restoration to a status quo presence in the United States of an alien already deported and who is, presumably, in the country to which he was deported. No such relief could be effected by the defendant Bernsen. We hold that the action cannot be maintained since neither the Attorney General nor the Commissioner of Immigration and Naturalization is a party.

Frank Gagliano has not shown himself entitled to any relief nor that he has any right to bring or maintain an action for Joseph Gagliano. A judgment or decree against the defendant named would afford no relief. The judgment of the District Court in dismissing the suit is

Affirmed.