Martin JIMENEZ, Appellant,

v.

Bruce BARBER, District Director of the Immigration and Naturalization Service for the Thirteenth Immigration District, Appellee.

Misc. No. 716.

United States Court of Appeals Ninth Circuit.

Jan. 30, 1958.

---

Lloyd E. McMurray, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, FEE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

On May 29, 1951, Martin Jimenez, a citizen of Mexico, was arrested by officers of the Immigration and Naturalization Service of the Department of Justice upon a warrant issued on January 2, 1940. In the warrant, it was charged that Jimenez was in the United States in violation of the Immigration Act of 1924, in that at the time of entry in 1928 he was not in possession of an unexpired immigration visa. Thereafter, hearings were held on the warrant charge.

During the course of these hearings, Jimenez applied for suspension of de-

portation under the provisions of 8 U.S.C.A. § 155 (now 8 U.S.C.A. § 1254). A hearing was had on this application, during which Jimenez refused to answer questions about his membership in or affiliation with certain organizations, including but not limited to the Communist Political Association and the Communist Party. These questions pertained not only to the five-year period immediately prior to the application, but to years prior thereto.

On August 14, 1952, the hearing officer recommended that Jimenez be deported, and that his application for suspension of deportation be denied. From this recommended decision, plaintiff appealed to the Board of Immigration Appeals. His appeal to the Board was denied on March 9, 1954. Jimenez was then taken into custody for purposes of deportation. He filed a petition in the district court for a writ of habeas corpus, naming as defendant Bruce Barber, District Director of the Immigration and Naturalization Service for the Thirteenth Immigration District. The petition was denied. Jimenez then appealed to this court (No. 14477).

On February 16, 1955, while this appeal was pending, Jimenez abandoned his former position of refusal to answer all questions regarding his membership in or affiliation with organizations, and requested the Board to reopen his case. He offered, if the case was so reopened, to testify regarding his membership in or affiliation with organizations for the five-year period during which, under the provisions of 8 U.S.C.A. § 155, he was required to establish good moral character. Implicit in this conditioned offer was his continued refusal to answer questions concerning his memberships, associations, and beliefs before the five-year period.

The application to reopen the case was denied by the Board on March 22, 1955, on the ground that Jimenez had failed to establish his eligibility for suspension of deportation. On March 31, 1955, Jimenez filed, in connection with the appeal then pending in this court, a motion to augment the record by adding matters pertaining to his change of position before the Board. Appellee responded with a motion to dismiss the appeal as moot. Both motions were denied on April 27, 1955.

On May 23, 1955, and while his appeal from the order denying his petition for a writ of habeas corpus was still pending in this court, Jimenez instituted another suit in the district court, for the purpose of forestalling his deportation. In this action, which again named Barber as defendant, Jimenez sought injunctive and declaratory relief. He conceded that there was a lawful basis for his deportation, but contended that the Board had improperly disposed of his application for suspension of deportation. He also contended that the Board had acted arbitrarily in denying his request for reconsideration of the application. On June 1, 1955, while this new proceeding was pending before the district court, the appeal then pending here in the habeas corpus proceeding was dismissed by agreement of the parties.

On August 29, 1955, the district court, acting upon the motion of Barber, dismissed the action for injunctive and declaratory relief. Jimenez again appealed to this court. Pending this appeal, he obtained an order from this court staying his deportation until further order of this court. Jimenez v. Barber, 9 Cir., 226 F.2d 449. We thereafter affirmed the judgment dismissing the action. Jimenez v. Barber, 9 Cir., 235 F.2d 922, certiorari denied 78 S.Ct. 327.

On January 13, 1958, Barber notified Jimenez that he must surrender for deportation on January 21, 1958. Jimenez thereupon filed with Barber, for transmission to the Board of Immigration Appeals, a motion to reopen appellant's case and for a stay of execution. In a supporting affidavit, he alleged that he would now answer the questions which he had theretofore refused to answer, and would answer any similar questions relating to the whole period of his stay in the United States. He further alleged in this affidavit that he would deny membership

in the Communist Party and the Communist Political Association; and that he would establish that the Board was in error in its ruling on the status of appellant's wife during a premarital period of cohabitation.

At the time of filing with Barber this motion to reopen his case, Jimenez asked Barber for an interim stay of execution of the deportation order pending a ruling by the Board of Immigration Appeals. On January 20, 1958, Barber denied the request for an interim stay of execution.

Later the same day, Jimenez filed the instant action in the district court, seeking an injunction, both preliminary and permanent, and a temporary restraining order prohibiting his deportation until a reasonable time after the decision of the Board on his motion to reopen his case. It is alleged in the complaint that Barber's action in denying an interim stay was arbitrary, capricious, "and designed to punish plaintiff for his temerity in testing by litigation" the interpretation of the deportation statute by the Department of Justice.

The application for an order to show cause and for a temporary restraining order was denied by the district court on January 21, 1958. Later the same day, Jimenez filed a notice of appeal to this court, and obtained from this court, ex parte, an order temporarily restraining the deportation, arrest, or removal of appellant from the jurisdiction of this court. This order provides that the restraint thereby ordered, if not sooner terminated or further extended, shall terminate on January 30, 1958.

On January 24, 1958, appellant noted for hearing on January 27, 1958, his motion for an extension of this stay order pending final disposition of this appeal. Immediately prior to the hearing on that motion, appellee served and filed a motion to dissolve the restraining order and dismiss the appeal. It is these motions, all of which were argued, that are now before us for disposition.

Appellant's asserted purpose in asking us to extend the temporary stay order obtained in this court ex parte is to preserve the status quo pending his appeal from the district court order denying a temporary restraining order and a preliminary and permanent injunction. If granted, however, the effect will be to give appellant the fruits of victory whether or not the appeal has merit. This is true because all that appellant sought below was a delay in his deportation until the Board could act upon his application to reopen his case. The extension of the temporary restraining order which appellant here seeks would serve the same purpose.

Under these circumstances, the temporary restraining order ought not to be extended unless appellant has presented a substantial question for consideration on appeal. For the reasons indicated below, we hold that a substantial question has not been presented on this appeal.

During the hearing on his application to suspend deportation, Jimenez declined to answer any questions concerning his past affiliations, memberships, and beliefs. It cannot be questioned that Jimenez was entitled to adopt this course, so that he could test the right of the hearing officer to propound such questions. As stated by this court in Jimenez v. Barber, 226 F.2d 449, the constitutional questions which he thus chose to raise were substantial ones.

In choosing this course, however, Jimenez was required to accept the hazards as well as the possible advantages which it afforded. Had his refusal to answer proper questions been in an ordinary civil action in which he was plaintiff, a trial court judgment would unquestionably have been entered against him. Were he successful in establishing, on appeal, that the questions were improper, this would gain him a new trial. But if unsuccessful, he would have no standing to demand reopening of the case on the strength of an offer to answer the question. Likewise, where a witness has brought down upon himself a conviction for contempt because of a mistaken belief that he could refuse to answer certain questions, he cannot escape the penalty by making an offer, long after the pro-

ceedings have ended, to answer the questions propounded.

The case before us is much less favorable to Jimenez than the analogies which have been cited. Here, the refusal to answer questions was in a proceeding in which the applicant sought nothing to which he was entitled as a matter of right. He asked only for an act of grace, dependent upon an official exercise of sound discretion. The hazards in adopting an obstructive attitude in such a proceeding must be at least as great as those involved in cases where established rights are sought to be enforced or protected.

More than five years have passed since the initial hearing officer recommended that Jimenez be deported and his application for suspension be denied. This delay has been occasioned solely by appellant's resort to administrative and court proceedings to assert contentions which have been found to be without merit. Nor has he always proceeded with diligence in pursuing this course. His "change of position" on February 16, 1955, occurred more than eleven months after the Board order of March 9, 1954, which must have been the motivating factor. Following his unsuccessful appeal to this court, certiorari was denied on December 16, 1957. Yet, it was not until after he was notified on January 13, 1958, that he must surrender for deportation on January 21, 1958, that Jimenez sought a reopening of his case before the Board.

 The question of whether a temporary restraining order, or a preliminary or permanent injunction, should be issued was addressed to the sound discretion of the trial court. Porter v. Lux, 9 Cir., 157 F.2d 756; Holzer v. United States, 8 Cir., 244 F.2d 562. Under the circumstances reviewed above, it is plain to us that the trial court did not abuse its discretion in denying such relief. It follows that no substantial question is presented on this appeal. Accordingly, we conclude that the processes of this court should not be employed to occasion further delay, and that the motion made here for a temporary restraining order should be denied.

It was stated for appellant during the argument of these motions that denial of the motion for a temporary restraining order may render the appeal moot. This, of course, is true, since, without a restraining order in effect, Jimenez may be deported before this case can be heard on appeal. Since, however, we hold that the appeal presents no substantial question, the possibility that denial of the motion will render the appeal moot is of no consequence.

The same considerations persuade us that we should, on our motion, and in the exercise of our plenary power, dismiss the appeal as frivolous.

It is unnecessary to act upon appellee's motions.

The motion for an order staying deportation of appellant pending final decision in the within cause is denied. The appeal is dismissed as frivolous.