Bert W. JOHN, Appellant,

v.

Hon. Phil S. GIBSON, Chief Justice, Supreme Court of California, and Associate Justices thereof: John W. Shenk, Royer J. Traynor, Homer R. Spence, Marshall F. McComb, B. Rey Shauer, Jesse W. Carter, Raymond E. Peters, Appellees.

Misc. No. 879.

United States Court of Appeals
Ninth Circuit.

Aug. 26, 1959.

Bert W. John, in pro. per.

No appearances for appellees.

Before STEPHENS, ORR, and HAMLEY, Circuit Judges.

PER CURIAM.

Bert W. John, plaintiff in this civil action for damages, has appealed from an order of the district court denying his motion to proceed in that court in forma pauperis. He moves here for leave to proceed with this appeal in forma pauperis. For the reasons stated below, the motion is denied and the appeal is dismissed.

The defendants are the chief justice and individual associate justices of the California Supreme Court. It is alleged in the complaint that John, an inmate of California State Penitentiary at Folsom, California, had three times made proper application to the California Supreme Court for a writ of habeas corpus but that each such application had been denied en banc. Such denials, he alleged, deprived him of due process of law as secured to him under the Fourteenth Amendment. Damages in the sum of five thousand dollars were sought against each defendant.

Jurisdiction of the district court was asserted only under 28 U.S.C.A. § 1343. This statute confers jurisdiction on district courts to entertain actions for the recovery of damages or for other relief arising out of the denial or withholding of civil rights as defined in other federal statutes.

At the time of tendering his complaint in the district court, John moved that court for leave to proceed in that court in forma pauperis. This motion was denied on the ground that under the allegations of the complaint the district court did not have jurisdiction of the subject matter or the parties. This conclusion was based on the view that the common-law immunity of judges from suit for any act performed in the course of a matter in which the court had jurisdiction of the person and subject matter is applicable in actions under 28 U.S.C.A. § 1343, pertaining to civil rights.

John gave notice of appeal from the order denying his motion to proceed in the district court in forma pauperis. At the same time he moved in the district court for leave to appeal in forma pauperis. The district court denied this motion on the ground that the issues raised by the appeal were so frivolous that the appeal would be dismissed in the case of a nonindigent litigant—citing Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060. The district court also certified that the appeal is not taken in good faith.

John has now renewed in this court his motion for leave to appeal in forma pauperis.

It is provided in 28 U.S.C.A. § 1915, that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. It has been held, however, that while such a certificate carries great weight, it is not final and conclusive. It is to be displaced by the court of appeals and the appeal is to be allowed in forma pauperis upon a showing that the certification was unwarranted. Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593.

The test to be applied in determining whether such a certificate is warranted is stated in Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 975, as follows:

"* * * In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim.Proc. 39(a), 18 U.S.C.A. the request of an

indigent for leave to appeal *in forma pauperis* must be allowed."

■ Ellis v. United States, in which this test was announced, is an appeal from a criminal conviction, while the appeal before us is civil. However, section 1915, the statute being construed in Ellis, expressly applies in both civil and criminal proceedings. It follows that the construction given the statute in that case is equally applicable in a civil appeal. It is true that Rule 39(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., referred to in Ellis, has no counterpart in the Federal Rules of Civil Procedure, 28 U.S.C.A. Nevertheless a court of appeals may, in the exercise of its plenary power, dismiss a civil appeal as frivolous. Jimenez v. Barber, 9 Cir., 252 F.2d 550.

■ The record does not evidence an improper motive on the part of John in bringing this appeal. Therefore, under the Ellis test, the certification must be set aside and permission must be granted to appeal in forma pauperis unless the issues raised on the appeal are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant.

The single issue raised on this appeal is whether the district court was correct in denying leave to proceed in that court in forma pauperis on the ground that the *common law immunity of judges from suit is applicable in actions under 28 U.S.C.A. § 1343, pertaining to civil rights.*

■ The common-law rule, long recognized in the federal courts, is that judges of courts of superior or general authority are absolutely privileged as respects civil suits to recover damages for action taken by them in the exercise of their judicial functions irrespective of the motives with which those acts are alleged to have been performed. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 1347, 3 L.Ed.2d 1434; Alzua v. Johnson, 231 U.S. 106, 111, 34 S.Ct. 27, 58 L.Ed. 142; Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L. Ed. 646.

■ This absolute defense is available in actions brought under the Civil Rights Act, however much the confinement complained of may have been in violation of constitutional rights. Dunn v. Gazzola, 1 Cir., 216 F.2d 709; Francis v. Crafts, 1 Cir., 203 F.2d 809, 811; Gregoire v. Biddle, 2 Cir., 177 F.2d 579. See, also, Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Francis v. Lyman, 1 Cir., 216 F.2d 583, 588.

It is alleged in the complaint herein that acting in their capacities as judges of the California Supreme Court, and in habeas corpus proceedings in which that court had jurisdiction of the person and subject matter, orders were entered which deprived John of due process of law. These allegations establish that the named defendants are absolutely immune from liability for the acts charged under the principle of law to which reference has been made.

■ The district court thought that this circumstance established lack of jurisdiction of the person or subject matter. We think it established that the complaint failed to state a claim upon which relief can be granted, within the meaning of Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.A. In view of the nature of the defect in the complaint, the action was subject to dismissal. See Tenney v. Brandhove, supra. This being so, the district court appropriately denied the motion for leave to proceed in that court in forma pauperis.

The appeal is therefore shown to be without merit. The principle which requires this conclusion is of such long standing and is so far beyond reasonable question that it is fair to characterize the appeal as frivolous. Since it is frivolous, we decline to set aside as unwarranted the certificate of the district court that the appeal is not taken in good faith. It is therefore necessary to deny the motion made in this court for leave to appeal in forma pauperis.

The same considerations persuade us that we should, on our own motion and in the exercise of our plenary power, dismiss the appeal as frivolous. See Jimenez v. Barber, supra.

The motion to appeal in forma pauperis is denied. The appeal is dismissed.