MATTER OF C——

In DEPORTATION Proceedings

A-4268536

*Decided by Board February 4, and May 24, 1960*

Deportability—Section 241(a)(6), 1952 act, member of Communist Party after entry—Charge properly based on earlier entry where residence not subsequently abandoned.

Respondent was admitted for permanent residence in 1926; abandoned United States residence in 1931; reentered unlawfully a year later in 1932; was again admitted for permanent residence in November 1940 with a quota immigrant visa after an overnight's absence in Canada.

Respondent is charged with being deportable under section 241(a)(6) of the Immigration and Nationality Act based upon membership in the Communist Party of the United States after his 1932 entry. Evidence showed that respondent was a member of the Communist Party from 1927 to 1933 within holdings of *Rowoldt* and *Galvan.*

Supreme Court's ruling in *Bonetti* v. *Rogers,* 356 U.S. 691, does not require dismissal of charge because based on respondent's 1932 entry. *Bonetti* is based on novel facts and circumstances, particularly abandonment of prior lawful residence and an administratively adjudicated lawful admission when he made a new entry in 1938. Here, there was no abandonment of prior (1932) residence but a mere technical adjustment of status following an overnight's absence. Unlike *Bonetti,* the ground of deportation here is assigned under the *Immigration and Nationality Act, which defines "entry"* as any coming of an alien from a foreign port or place.

CHARGES:

Warrant: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry by Act of October 16, 1918, as amended, to wit, member of Communist Party prior to entry (8 U.S.C. 137).

Lodged: Act of 1952—Section 241(a)(6) [8 U.S.C. 1251(a)(6)]—Member of Communist Party of the United States after entry.

BEFORE THE BOARD
(February 4, 1960)

Discussion: The case comes forward on appeal from the order of the special inquiry officer dated September 28, 1959, denying the respondent's application for suspension of deportation and directing that he be deported solely on the lodged charge.

The record relates to a native of England, subject of Great Britain, 60 years old, male, who first entered the United States on

February 23, 1926, at Detroit, Michigan, and was admitted for permanent residence upon presentation of an immigration visa. In June 1931 he abandoned his residence in this country and went back to England, where he remained for a period of about 11 or 12 months. He left England in 1932 as a visitor to Canada, and reentered this country in 1932. However, at the time of his inspection by an immigration officer the respondent did not reveal his absence to England and indicated to the inspecting officer that he was returning after a one-day visit to Canada. He presented the birth certificate of his son and gas and electric bills which he had paid in Detroit, and was thereupon admitted as a returning resident. He was not at that time in possession of any documents required for admission as an immigrant. The respondent acknowledged that he was aware that his entry into the United States at that time was illegal and he thereafter adjusted his entry by obtaining a passport from the British Consul in Detroit, staying overnight in Canada and obtaining a quota immigrant visa from the American Consulate on November 20, 1940. He reentered the United States for permanent residence on the same day at the port of Detroit, Michigan, and was admitted as a quota immigrant. He has since remained in the United States except for a visit of a few hours to Canada in 1945 from which he returned upon presentation of his resident alien's border-crossing card.

The proceedings in this case were instituted in 1953, and on December 18, 1953, we affirmed the finding of deportability on the charge stated in the warrant of arrest. Thereafter, the matter was in court, was subsequently reopened pursuant to stipulation, and on January 28, 1958, we dismissed the appeal from the decision of the special inquiry officer dated October 14, 1957, finding the respondent deportable on the lodged charge. On June 13, 1958, we granted a motion to reopen in view of the Supreme Court decision in *Bonetti* v. *Rogers*, 356 U.S. 691, and to permit the respondent to apply for suspension of deportation.

The evidence regarding the respondent's membership in the Communist Party has been reviewed in our previous orders and there would be no point in again reviewing this material. It is sufficient to say that on the basis of the testimony of witnesses and the respondent's own testimony, we find that there was "meaningful association" with the Communist Party within the holding of *Rowoldt* v. *Perfetto*, 355 U.S. 115, and voluntary membership within the meaning of *Galvan* v. *Press*, 347 U.S. 522.

The case of *Bonetti* v. *Rogers*, *supra*, involved an alien who was admitted for permanent residence in 1923, joined the Communist Party and was a member until 1936. In 1937 he departed from the United States abandoning all rights of residence under his entry

in 1928, and was subsequently admitted to the United States as a quota immigrant in 1938. In October 1951, proceedings were instituted to deport him under sections 1 and 4(a) of the Anarchist Act of 1918, as amended by section 22 of the Internal Security Act of 1950, as an "alien who has been, after entry into the United States, a member of the Communist Party." In construing that charge, the court held that where an alien after his entry into the United States leaves the United States with the intention of abandoning his rights of residence in this country, and later is again admitted to the United States as an immigrant, he could be deported under this statutory provision only if he was a member of a deportable class at the time of his second entry or at any time thereafter; in other words, an entry for permanent residence is no longer an entry within the meaning of the statutory provision after the alien has left the United States with the intention of abandoning his residence therein.[1]

In the present case there is involved another charge, to wit, section 241(a)(6) of the Immigration and Nationality Act, which charges deportability of an alien who is, or at any time has been, after entry, a member of the Communist Party. The same statute now defines the term "entry" in pertinent part as any coming of an alien to the United States from a foreign port or place.[2] A further distinction may be noted in the instant case, in that, after the respondent's return to this country in 1932 there was no subsequent abandonment of residence as existed in the *Bonetti* case, even though there was an adjustment of immigrant status by means of an absence of a few hours in Canada and a return to the United States with an immigrant visa. The record, however, makes it apparent that no abandonment of the former residence was intended at that time, nor is any claimed. The case, therefore, is distinguishable from the *Bonetti* case and from the case of *Berrebi* v. *Crossman*, 208 F.2d 498, which involved membership from 1937 to 1939 in the Communist Party of Tunisia, a stipulation as to lawful admission to the United States for permanent residence in 1948, and likewise involved section 4(a) of the Act of October 16, 1918, as amended by the Internal Security Act of 1950.

The respondent at the reopened hearing made application for suspension of deportation. It is doubtful if he is eligible for suspension of deportation in view of the fact that at the time a final order of deportation was entered by this Board on December 18, 1953, the respondent did not possess the requisite 10 years' continuous physical presence in the United States, since he had been ab-

---

[1] See, Annotation: *Subversive Aliens*, 2 L. Ed. 2d 1619.

[2] Section 101(a)(13), Immigration and Nationality Act; 8 U.S.C. 1101(a)(13).

sent to Canada in 1945.[3]  Even if we felt inclined to consider the application for suspension of deportation, despite the factors in the case of respondent's long residence in this country and family ties of a permanent resident wife and an adult citizen son, it is to be noted that at prior hearings he failed to cooperate and chose to remain mute on the question regarding Communist Party membership and declined at that time to apply for any relief.[4]  Such failure to cooperate justifies a refusal of discretionary relief.

Order: It is ordered that the appeal be and the same is hereby dismissed.

**BEFORE THE BOARD**
(May 24, 1960)

Discussion: The case is before us on motion of counsel requesting reconsideration of our prior order of February 4, 1960, dismissing the appeal from the order of the special inquiry officer dated September 28, 1959, ordering deportation on the lodged charge stated above.

The facts, briefly stated, relate to a native of England, subject of Great Britain, 60 years old, male, who first entered the United States on February 23, 1926, and was admitted for permanent residence upon presentation of an immigration visa.  He abandoned his residence in this country in June 1931 and returned to England, where he remained for a period of approximately a year.  He entered Canada in 1932 as a visitor.  He obtained entry into the United States by posing as a returning resident, concealing his abandonment of residence and return to England, and was admitted as a nonquota returning resident under the provisions of section 4(b) of the Immigration Act of 1924 (8 U.S.C. 204(b)).  Aware that this entry into the United States was illegal, he sought to adjust his entry by obtaining a passport from the British Consul in Detroit, staying overnight in Canada, obtaining a quota immigrant visa from the American Consulate on November 20, 1940, and reentering the United States as a quota immigrant after an overnight absence in Canada.  His only other absence has been for a visit of a few hours to Canada in 1945, from which he returned upon presentation of a resident alien's border-crossing card.  We have already found the evidence establishes the respondent's membership in the Communist Party of the United States at various times between 1927 and 1938.

Counsel in his present motion again argues the applicability of *Bonetti* v. *Rogers*, 356 U.S. 691.  It is contended that under the

---

[3] *Matter of C——L——*, 7 I. & N. Dec. 187; *Matter of O——*, 7 I. & N. Dec. 457.

[4] *Jimenez* v. *Barber*, 252 F.2d 550, cert. den. 355 U.S. 903.

552

holding of the Supreme Court in the *Bonetti* case the proceedings should be terminated.

The *Bonetti* case was carefully considered by us previously. To review, Bonetti was a lawful permanent resident of the United States from November 1, 1923, to June 28, 1937, when he departed voluntarily to go to Spain and fight in the Spanish Republican Army, *abandoning all rights of residence in the United States.* His Communist Party membership existed from 1932 to 1936. Thereafter, he came to the United States on September 19, 1938, as a new "quota immigrant," was excluded by a board of special inquiry, but the order was reversed on administrative appeal and on October 8, 1938, he was admitted for permanent residence as a quota immigrant. Based upon the novel factual situation and circumstances of the case, particularly the elements of abandonment of the prior lawful residence in the United States and the subsequent administratively adjudicated lawful entry, the Supreme Court held that the latter entry constituted "the time of entry into the United States" within the meaning of section 4(a) of the Act of October 16, 1918, as amended by section 22 of the Internal Security Act of 1950, and since the alien there was not a member of the Communist Party "at the time of entry into the United States" on October 8, 1938, and had not been a member "at any time thereafter," he was not deportable under section 4(a) of the Act of October 16, 1918, as amended by section 22 of the Internal Security Act of 1950.

In the present case, the "novel circumstances" which were decisive in the decision of the majority opinion of the Supreme Court are not present. The respondent's membership in the Communist Party herein existed during a period of his illegal residence in the United States; there is not present the abandonment of former lawful residence but merely an attempted adjustment after one night's absence to Canada; and no administratively adjudicated lawful entry. The ground of deportability herein is predicated upon a different section, to wit, section 241(a)(6) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(6)), and the entry of November 20, 1940, occurred subsequent to the enactment of the Alien Registration Act of 1940 (54 Stat. 670), approved June 28, 1940. In view of these differences, it is believed that the "novel circumstances" of the *Bonetti* case are not herein present and the principles applied to those "novel circumstances" are not apposite here. The motion will be denied.

**Order:** It is ordered that the motion to reconsider our prior order of February 4, 1960, dismissing the appeal from the order of the special inquiry officer dated September 28, 1959, directing deportation on the lodged charge be and the same is hereby denied.