C. C. GUNN (Individually) and C. C. Gunn Produce Company (a partnership composed of C. C. Gunn and Eddie Gunn), Plaintiffs,

v.

Curtis R. MATHIS, District Director of Internal Revenue; Jack A. Stotts, Senior Collection Officer; and Tim M. Krone, Revenue Officer (all of the defendants being officers or employees of the Internal Revenue Service, United States Treasury Department), Defendants.

Civ. A. No. 1385.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Dec. 12, 1957.

On Rehearing Jan. 8, 1958.

Bethell & Pearce, Fort Smith, Ark., Ralph W. Robinson, Van Buren, Ark., for plaintiffs.

Charles W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendants.

JOHN E. MILLER, District Judge.

The plaintiff, C. C. Gunn, is a citizen of Arkansas and resides at Van Buren in Crawford County, Arkansas. The plaintiff, C. C. Gunn Produce Company, is a partnership composed of C. C. Gunn and Eddie Gunn, husband and wife. The office and principal place of business of such partnership is also located at Van Buren, Crawford County, Arkansas, in the Western District of Arkansas.

The defendant, Curtis R. Mathis, is District Director of the District of Arkansas, Internal Revenue Service, and resides at Little Rock, Pulaski County, in the Eastern District of Arkansas. The defendant, Jack A. Stotts, is a Senior Collection Officer, Internal Revenue Service, and likewise resides at Little Rock in the Eastern District of Arkansas. The defendant, Tim M. Krone, is a Revenue Officer, Internal Revenue Service, and resides at Fort Smith, Arkansas, in the Western District of Arkansas.

The plaintiff, C. C. Gunn, has been engaged in the buying and selling of farm produce for approximately 25 years. In 1945 the plaintiff, Eddie Gunn, became a partner in the business, and the business has since been operated as a partnership composed of plaintiffs, C. C. Gunn and wife, Eddie Gunn.

On April 27, 1956, the Tax Court entered decisions against plaintiff, C. C. Gunn, for the calendar years 1942 to 1946, both inclusive, finding that he owed large amounts of income tax for those years and civil fraud penalties for the years 1942 to 1944, both inclusive. On July 26, 1956, plaintiff Gunn filed his petition in the United States Court of Appeals for the Eighth Circuit for review of the Tax Court decisions. He was unable financially to pay the deficiencies found by the Tax Court, and was also unable to make bond to stay assessment and collection of the taxes and penalties, and prosecuted his petition for review in the Court of Appeals without paying the deficiencies and without making bond.

Section 7485 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7485, provides that a petition for review of a Tax Court decision shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court, unless the petitioner files with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the petition for review is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law.

On August 31, 1956, while the petition for review was pending in the Court of Appeals, representatives of the Internal Revenue Service assessed the additional income taxes, interest and penalties against plaintiff, C. C. Gunn, and on October 26, 1956, filed of record a notice of federal tax lien with the Circuit Clerk of Crawford County, Arkansas, and contemporaneously therewith demanded payment of plaintiff Gunn of said taxes, interest and penalties, as found by the Tax Court. Following such demand there were extended negotiations between the plaintiff, C. C. Gunn, and representatives of the Internal Revenue Service, which resulted in the execution of a written agreement, by the terms of which Gunn agreed to make payment in four annual installments beginning with the date of the agreement, March 16, 1957. The agreement specifically provided that the plaintiff did not admit the validity of the asserted tax liability nor of the assessment thereof, and did not waive any of his legal rights, including the right to prosecute his petition for review of the Tax Court decisions then pending in the Court of Appeals.

On August 8, 1957, the Court of Appeals by opinion and judgment affirmed

the decision of the Tax Court as to the calendar years 1945 and 1946, but reversed as to the calendar years 1942, 1943, and 1944, and remanded the case for further proceedings as to those three years. See, Gunn v. Commissioner of Internal Revenue, 8 Cir., 247 F.2d 359. Following the decision of the Court of Appeals, plaintiff tendered the amount due for the years 1945 and 1946, and requested defendants to cancel or withdraw the purported assessment and lien for the calendar years 1942, 1943, and 1944.

Section 6213(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6213(a) provides:

"Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * * the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

The plaintiff, C. C. Gunn, in the instant suit "tenders payment to defendant, Mathis, in his official capacity as District Director of Internal Revenue, or otherwise in accordance with his instructions as such District Director, of unpaid deficiencies and interest for the years 1945 and 1946 as found by the Tax Court and affirmed by the United States Court of Appeals for the Eighth Circuit; and both plaintiffs pray that after notice as required by law, the defendants and each of them be temporarily enjoined from making any levy, seizure or distraint under the pretended authority of such purported assessment or assessments, lien or liens; that after service has matured and this cause has been fully heard by the Court such temporary injunction be made permanent; that plaintiffs recover from the defendants their costs of suit; and for such other and further relief as to the Court may seem proper."

As a practical matter the plaintiffs are seeking to expunge from the records of Crawford County, Arkansas, and such other counties in which the lien may have been filed, the notice of federal tax lien filed by the representatives of the Internal Revenue Service following the deficiency assessment of taxes, interest and penalties on August 31, 1956, while the petition for review of the Tax Court decisions was pending in the United States Court of Appeals for the Eighth Circuit.

Summons was served by the United States Marshal for the Western District of Arkansas on Honorable Charles W. Atkinson, United States District Attorney for the Western District of Arkansas, and on defendant, Tim M. Krone, a Collection Officer of the Internal Revenue Service, at Fort Smith, Arkansas. Also, the Marshal sent by registered mail two copies of the summons and complaint to the Attorney General of the United States at Washington, D. C., and a copy of the summons and complaint to the Internal Revenue Service, U. S. Treasury Department, Washington, D. C.

The United States Marshal for the Eastern District of Arkansas served the defendants, Curtis R. Mathis, District Director of Internal Revenue, and Jack A. Stotts, Senior Collection Officer of the Internal Revenue Service, with a copy of the complaint and summons at 208 Federal Building, Little Rock, Arkansas, on November 18, 1957. On the same date service of summons was made upon the defendants, they were served with

copy of a "Motion for Temporary Injunction".

On November 25, the defendants, Curtis R. Mathis, District Director of Internal Revenue, and Jack A. Stotts, Senior Collection Officer, Internal Revenue Service, filed a motion to dismiss the cause for the following reasons:

"1. The venue is improper;

"2. This Court is without jurisdiction;

"3. The complaint fails to state a cause of action upon which relief can be granted."

On December 3, 1957, the defendant Krone filed a similar motion adopting the motion that had theretofore been filed by Mathis and Stotts.

A hearing on the motion for a preliminary injunction was originally set for November 27, but was continued by the Court until December 10, 1957. The defendants appeared by the United States Attorney for the Western District of Arkansas, and renewed their motions to dismiss. Action on the motions was deferred without prejudice to the contention of said defendants, and the plaintiffs proceeded to introduce the ore tenus testimony of plaintiff, C. C. Gunn, certain stipulations, and 14 exhibits. At the conclusion of the introduction of the testimony the Court took the claims of the parties under consideration.

The Court has reached the conclusion that the motions of defendants to dismiss for improper venue are well founded, and therefore the Court does not reach the merits of the claims of the plaintiffs.

Title 28 U.S.C.A. § 1391(b) provides:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

Title 28 U.S.C.A. § 1392(a) provides:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

The plaintiffs contend that since the defendant Krone resides in the Western District of Arkansas, that the venue is proper. Contrarily, the defendants contend that since Mathis and Stotts are both residents of the Eastern District of Arkansas, they can only be sued in their official capacity in the jurisdiction of their official residence.

Rule 20, F.R.C.P., 28 U.S.C.A., among other things, provides:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Ordinarily, a suit is not maintainable against a District Director of the Internal Revenue Service in a district other than the one in which he resides. See, Sidbury v. Gill, D.C.E.D.N.C., 102 F. Supp. 483. But it is contended by plaintiffs that this rule does not exempt the Director and the Chief Collection Officer from the provisions of § 1392(a), supra. The question of whether the United States is a necessary and indispensable party in the instant case because federal tax liens are exclusively the property of the United States has been raised by the motions of defendants, but it is not necessary to discuss or decide that question. On the record before the Court it is apparent that in order to determine whether venue is proper under the provisions of § 1392(a), the Court must consider and decide whether the defendant Krone is a real party in interest as required by Rule 17 (a), F.R.C.P. The defendants do not contend that Krone is not a proper party, but do contend that he is merely a nominal party and that the District Director, Mathis, is the real and indispensable party and that he cannot be sued in his

official capacity in a district other than the district of his residence.

In Nakken Patents Corp. v. Westinghouse Electric & Mfg. Co., D.C.Pa., 21 F.Supp. 336, 337, the court said:

"It will be seen that in order for the court to have jurisdiction under this statute it must appear that one of the defendants is a resident of the Eastern District. Furthermore, the resident defendant must be a necessary party to the suit and not merely a nominal or formal party, since it is settled that in the federal courts regard is to be had to the real rather than to the nominal parties, and that the joining of merely nominal or formal parties cannot have the effect of excluding jurisdiction, * * * (citing cases).

\* \* \* \* \* \*

"It may be conceded that the assignor of a patent is a proper party to a suit under section 4915, R.S., as amended, 35 U.S.C.A. § 63; Armstrong v. Langmuir, 6 F.2d 369. We think it is clear, however, that Westinghouse, as assignee, is the only party actually interested in the suit. Becker v. General Chain Co. (C.C. A.) 273 F. 419. Certain it is that the relief sought by the bill is not directed against Zworykin nor will its granting prejudice or affect his rights. We, therefore, conclude that Zworykin is a purely formal and unnecessary party, and while it was not improper to join him his joinder did not confer jurisdiction upon this court."

To like effect, see United Office and Professional Workers of America v. Smiley, D.C.Pa., 75 F.Supp. 695, 700: Vol. 3, Cyclopedia of Federal Procedure, 3d Ed., p. 51.

In Baltimore & O. R. Co. v. Board of Public Works of West Virginia, D.C.W. Va., 17 F.Supp. 170, 171, the court said:

"This is a suit by the Baltimore & Ohio Railroad Company against the Board of Public Works of West Virginia, the Secretary of State, Auditor, Treasurer, Tax Commissioner and Attorney General of that state and the sheriffs of the various counties in which the railroad company has property. The purpose of the suit is to enjoin the assessment or collection of taxes on a valuation of plaintiff's property alleged to be excessive and discriminatory; to enjoin the institution of suit or other proceeding for the collection of the state privilege tax, alleged to be unconstitutional; and to have the privilege tax declared unconstitutional and invalid as a means of removing the cloud which it is alleged to cast upon the title of plaintiff's property. As interlocutory injunction is asked, a court of three judges has been constituted pursuant to section 266 of the Judicial Code, as amended (28 U.S.C.A. § 380).

\* \* \* \* \* \*

"Motions have been made to quash the service of the subpoenas and dismiss the bill on the ground that the sheriffs are not necessary or proper parties to the suit and that none of the other defendants is a resident of the Northern District of West Virginia. * * * Five questions are presented for our consideration by the motion to dismiss: (1) Whether the sheriffs who have been made defendants are necessary or proper parties to the suit (if they are, the venue must be sustained, as a number of the sheriffs reside within the district); * * *.

"As to the first question, it is clear from the statute that, if injunction is granted against the State Auditor as prayed, the sheriffs can do nothing which would affect the plaintiff. Only in the event that the plaintiff fails to pay its property tax into the state treasury by May 1st of the following year, are the sheriffs charged with any duties with respect to the taxes and then only on the certification by the State Auditor. Code of W.Va. c. 11, art. 6, § 18, as amended by Acts 1933, c. 39; Norfolk & W. Ry. Co. v. Board

of Public Works, D.C., 3 F.Supp. 791. If the Auditor is enjoined from making the certificate, there is no reason to apprehend injury from action on their part and no occasion for making them parties to the suit. Under such circumstances, the sheriffs joined as defendants are to be treated as mere nominal parties, and the question of jurisdiction is not affected by their presence. See Stewart v. Baltimore & O. R. Co., 168 U.S. 445, 449, 18 S.Ct. 105, 42 L.Ed. 537; Jackson v. Jackson [4 Cir.] 175 F. 710, 716; Holbrook Irr. Dist. v. Arkansas Valley, etc., Land Co., [10 Cir.,] 54 F.2d 840; Sioux City & D. M. Ry. Co. v. Chicago, M. & St. P. Ry. Co., C.C., 27 F. 770."

Section 6325(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 6325(a), provides:

"Subject to such rules or regulations as the Secretary or his delegate may prescribe, the Secretary or his delegate may issue a certificate of release of any lien imposed with respect to any internal revenue tax if—

"(1) The Secretary or his delegate finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied, has become legally unenforceable, or, in the case of the estate tax imposed by chapter 11 or the gift tax imposed by chapter 12, has been fully satisfied or provided for; or

"(2) There is furnished to the Secretary or his delegate and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such rules or regulations."

In 26 (1954) Code of Federal Regulations (pamphlet form), Sec. 301.6325-1, it is provided:

"301.6325-1. Release of lien or partial discharge of property—(a) Release of lien—(1) Liability satisfied or unenforceable. The District Director to whom is charged an assessment in respect of any internal revenue tax shall issue a certificate of release of any lien imposed with respect to such tax, whenever he finds that the liability for the amount assessed (together with all interest in respect thereof) has been satisfied or has become unenforceable as a matter of law (and not merely uncollectible or unenforceable as a matter of fact)."

The relief sought by plaintiffs cannot be obtained by proceeding against either the defendant Krone or Stotts. The District Director, Mathis, is an indispensable party. He is the directing head of the operations of the Internal Revenue Service in Arkansas, and necessarily such agents as defendants Krone and Stotts are subject to his orders under the regulations issued by the Secretary of the Treasury for the administration of the Internal Revenue Service, and an injunction against Stotts and Krone would not result in any relief to plaintiffs.

Professor Moore in Moore's Federal Practice, 2d Ed., Vol. 3, Sec. 19.16, page 2189, states:

"Upon the question of whether a superior government official is an indispensable party in a suit against his subordinate, the federal cases are in confusion."

The author then discusses the decisions of the Supreme Court of the United States where the question has been considered, and concludes that as a practical consideration it is only where questions considerably beyond routine matters, or where action is sought which only the superior can give, such as the disbursements of funds under his control, that the superior officer should be held to be

an indispensable party. In Williams v. Fanning, 332 U.S. 490, on page 493, 68 S.Ct. 188, on page 189, 92 L.Ed. 95, the court discussed its decisions which held the superior officer to be an indispensable party, and said:

"These cases evolved the principle that the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

In Gagliano ex rel. Gagliano v. Bernsen, 5 Cir., 243 F.2d 880, at page 883, the court said:

"The rule is, it seems, that the superior officer is an indispensable party if the decree granting the relief will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him, but the superior officer is not an indispensable party if a decree against the subordinate before the court would effectively grant the desired relief."

The Fifth Circuit cited Williams v. Fanning, supra, and Paolo v. Garfinkel, 3 Cir., 1952, 200 F.2d 280, as authorities for the above statement.

A decree granting the relief sought by plaintiffs in this case would require the District Director to take action to expunge or release the lien complained of by plaintiffs. Therefore, the fact that Krone, a Revenue officer, is a resident of the Western District of Arkansas does not fix the venue of the case in this district, and the motions of the defendants are well taken.

The service of summons on the defendants, Mathis and Stotts, in the Eastern District of Arkansas, the district of their residence, is ineffective to give the Court jurisdiction over them, since the venue as to those defendants is improperly laid in the Western District of Arkansas.

Therefore, the venue being improperly laid in this district and it appearing to be in the interest of justice, the case should be transferred, in accordance with 28 U.S.C.A. § 1406, to the Eastern District of Arkansas, Western Division, where it could have been brought.

A judgment that venue of the case is not in the Western District of Arkansas and transferring the case to the Eastern District of Arkansas, Western Division, is being entered today.

### On Rehearing

On December 10, 1957, two motions were pending in the instant case, one being a motion by plaintiffs for a preliminary injunction and the other being a motion to dismiss by the defendants. On that date the motions were heard by the Court, and on December 12, 1957, the Court filed a written opinion and entered an order finding that the venue was improperly laid in the Western District of Arkansas, and in the interest of justice ordering the case transferred to the Eastern District of Arkansas, Western Division.

On December 17, 1957, plaintiffs filed a "Motion for New Trial or for Relief", and on December 27, 1957, plaintiffs filed an amendment to said motion for new trial or for relief. On December 30, 1957, the Court set the motion for a hearing on January 6, 1958. On December 31, 1957, the defendants filed their response to the motion for new trial. A hearing was had on January 6, 1958, and the motion is now ready for final disposition.

In an effort to avoid excessive duplication the Court will not repeat all the facts set out in the opinion of December 12, but will attempt to limit the opinion on rehearing to matters not covered in the original opinion. In said original opinion the Court concluded that venue was improper in this district, and that conclusion is earnestly attacked by the plaintiffs in their motion for new trial.

The plaintiff, C. C. Gunn, is a citizen and resident of the Western District of Arkansas, Fort Smith Division, and the plaintiff, C. C. Gunn Produce Company, is an Arkansas partnership, with its principal place of business in the Western

District of Arkansas, Fort Smith Division.

The defendant, Tim M. Krone, is a citizen and resident of the Western District of Arkansas, Fort Smith Division. The defendants, Curtis R. Mathis and Jack A. Stotts, are citizens and residents of the Eastern District of Arkansas.

Title 28 U.S.C.A. § 1391(b) provides:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

Title 28 U.S.C.A. § 1392(a) provides:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

Rule 20, Fed. Rules of Civ.Proc., 28 U.S.C.A., among other things, provides:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

In view of Rule 20 and the venue statutes, it seems clear that venue in the instant case is proper in the Western District of Arkansas, provided Tim M. Krone is a proper party defendant and is more than a nominal party.

At the December 10 hearing on defendants' motion to dismiss, the Court was under the impression that the relief sought by plaintiffs was the expunging of the tax lien (against C. C. Gunn) from the records. In this connection the Court in its December 12, 1957, opinion stated:

"As a practical matter the plaintiffs are seeking to expunge from the records of Crawford County, Arkansas, and such other counties in which the lien may have been filed, the notice of federal tax lien filed by the representatives of the Internal Revenue Service following the deficiency assessment of taxes, interest and penalties on August 31, 1956, while the petition for review of the Tax Court decisions was pending in the United States Court of Appeals for the Eighth Circuit."

Acting on the premise that the relief sought by plaintiffs was the removal or expunging of the tax lien, the Court concluded that Curtis R. Mathis, the District Director, was the only party who could give effective relief to plaintiffs and that the local resident, Tim M. Krone, was merely a nominal party who could be disregarded for venue purposes.

At the hearing on the motion for new trial plaintiffs made it clear that they are not seeking to require any affirmative action of the District Director, Mathis, or for that matter of any of the parties, to release or expunge the tax lien. The only relief sought by plaintiffs is an injunction prohibiting the defendants and each of them "from making any levy, seizure or distraint under the pretended authority of such purported assessment or assessments, lien or liens".

■ This clarification of the relief sought by plaintiffs requires the Court to reconsider its conclusion concerning proper venue in the instant case. The Court is still of the opinion that if the relief sought by plaintiffs were the release or expunging of the lien, thereby requiring affirmative action on the part of the District Director, that Krone would merely be a nominal party and that venue would not be proper in this district. However, a different situation is presented if the only relief sought by plaintiffs is an injunction against the collection of the taxes under the purported assessment and lien. In the latter respect Krone is more than a nominal party. At the original hearing on December 10, 1957, the testimony disclosed that Krone and Stotts visited the plaintiff, C. C. Gunn, in the fall of 1956 in connection with the collection of the taxes allegedly due by Gunn, and on at least one occasion Krone and Stotts met

with Gunn and his attorney and discussed the matter. Thus it appears that Krone has at least some substantial connection with the collection of the taxes, and therefore is a proper party defendant since plaintiffs seek to enjoin the collection of the taxes.[1]

■ Inasmuch as the defendant Krone is a proper party defendant, venue in this district is proper as to him since he resides here. Title 28 U.S.C.A. § 1391 (b). And under Title 28 U.S.C.A. § 1392(a), supra, venue is also proper in this district as to the defendants Mathis and Stotts. The fact that Mathis and Stotts are public officials does not exempt them from the provisions of § 1392(a), supra. In Heard v. Ouachita Parish School Board, D. C., 94 F.Supp. 897, 899, the court said:

"The Act of June 25, 1948, Chapter 646, 62 Stat. 935, 28 U.S.C.A. § 1392, provides in part as follows: 'Defendants or property in different districts in same State. (a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.'

"Ordinarily, a state officer would be sued at his official domicile or the place where he performs his duties, but it is believed that this provision can and does apply equally to state officials as to private individuals who live in different districts of the same state."

This Court is of the opinion that the venue statute applies to federal officers as well as to private individuals, and that the venue is proper in this district as to the defendants, Mathis and Stotts.

The Court, having concluded that venue is proper, next reaches the question of whether plaintiffs are entitled to a preliminary injunction.

■ Title 26 U.S.C.A. § 6213 provides that in a case where a proper petition has been filed in the Tax Court, no assessment of a deficiency and no levy or proceeding in court for collection of the tax shall be made until the decision of the Tax Court has become final.[2] The statute further provides that "the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court". The purpose of this statute is to permit the taxpayer to fully litigate the matter in the Tax Court before assessment and collection of the purported tax can be made.

Title 26 U.S.C.A. § 7481 provides that in a case remanded by the United States Court of Appeals to the Tax Court for a rehearing, "the decision of the Tax Court rendered upon such rehearing shall become final in the same manner as though no prior decision of the Tax Court has been rendered".

■ In the instant case the decision of the Tax Court with respect to the years 1942, 1943 and 1944 was reversed by the Court of Appeals and the case was remanded to the Tax Court for further proceedings. In its opinion the Court of Appeals, among other things, said:

"On the record before us, the decision of the Tax Court, for lack of realistic consideration and evalu-

---

1. At the December 10 hearing, the United States Attorney was under the impression that no effort was being or would be made to collect the tax until a final decision of the Tax Court could be obtained. However, subsequent to that hearing, on December 20, 1957, a letter was written by Wallace H. Moseley, Revenue Officer, Little Rock, Arkansas, to the plaintiff, C. C. Gunn, requesting Gunn to make a payment on the taxes allegedly due.

2. For cases construing this statute, see Jamison v. Repetti, 9 Cir., 239 F.2d 901, affirming Repetti v. Jamison, D.C. Cal., 131 F.Supp. 626; Maxwell v. Campbell, 5 Cir., 205 F.2d 461; Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149; Steiner v. Reisimer, D.C. Wis., 148 F.Supp. 192; Merlin v. Sanders, D.C.Ga., 144 F.Supp. 541, affirmed 5 Cir., 243 F.2d 821; Hastings & Co. v. Smith, D.C.Pa., 122 F.Supp. 604.

ation as discussed above, is reversed as to the redeterminations of deficiencies, made by it for the years 1942, 1943 and 1944, predicated upon the net-worth figure used by it for December 31, 1941, and as to the penalties dependent thereon for their amounts. The parties should on further hearing or proceedings be given the opportunity to introduce any additional evidence available to them, in respect to petitioner's net worth on December 31, 1941, and to any other element relating to the amounts of the deficiences for the three years mentioned."

Gunn v. Commissioner of Internal Revenue, 8 Cir., 247 F.2d 359, 365.

It is significant that the Court of Appeals not only is permitting the parties on the new hearing in the Tax Court to introduce any additional evidence with respect to Gunn's net worth on December 31, 1941, but also is permitting additional evidence with respect "to any other element relating to the amounts of the deficiencies for the three years mentioned". On rehearing by the Tax Court it is possible that said court might determine that no deficiency existed or, on the other hand, might reach the conclusion that a substantial deficiency existed.

Thus, as to the years 1942, 1943 and 1944 the case is back in the Tax Court for a decision on the merits. In Strimling v. Stone, 8 Cir., 194 F.2d 920, 921, the Court of Appeals for this Circuit stated:

"Upon the remand of a case for a new trial, the only legal propositions which are ordinarily no longer subject to question are those set-

tled and determined by the appellate court's opinion. Millers' Mutual Fire Insurance Ass'n of Illinois v. Bell, supra, 8 Cir., at page 292 of 99 F.2d [289]."

The only thing settled by the opinion of the Court of Appeals in the instant case is the tax liability for the years 1945 and 1946. The case was remanded to the Tax Court as to the years 1942, 1943 and 1944 and, as above pointed out, the Tax Court is free to determine the amount of the deficiency, if any, chargeable to the taxpayer. It is true that the Court of Appeals stated that it would have permitted the Tax Court decision to stand if it had not been for the unrealistic finding with regard to the opening net worth. Nevertheless, in view of the unrealistic finding the court reversed the Tax Court decision and remanded the case to the Tax Court with the privilege given to the parties to introduce any additional evidence relating to the amounts of the deficiencies, if any, for the years 1942, 1943 and 1944.

In view of the action of the Court of Appeals it is evident—at least upon the present record—that the decision of the Tax Court is not final as to the years 1942, 1943 and 1944, and that plaintiffs are entitled to the specific relief provided in 26 U.S.C.A. § 6213.[3]

Therefore a preliminary injunction should be issued enjoining the defendants and each of them from making any levy, seizure, or distraint under the purported assessment of August 31, 1956, and the purported lien filed October 6, 1956, in the office of the Circuit Clerk of Crawford County, Arkansas, insofar as said assessment and lien relate to the years 1942, 1943 and 1944, until further orders of this Court.[4] The case

3. It is true that the assessment and lien were proper at the time they were made. 26 U.S.C.A. § 7485 (the taxpayer did not file the bond required by this section); 26 U.S.C.A. §§ 6321, 6322. But the decision of the Court of Appeals stripped the Tax Court's decision of its finality and thus brought into play the provisions of 26 U.S.C.A. § 6213.

4. In support of their prayer for a preliminary injunction plaintiffs introduced

proof tending to show that the assessment and lien are preventing them from obtaining short-term loans necessary for the operation of a produce business. However, since the statute (26 U.S.C.A. § 6213) does not require irreparable injury as a prerequisite to injunctive relief, the Court does not feel that it is necessary to determine whether irreparable injury has been or will be suffered by plaintiffs.

should be set down for hearing upon the merits and upon plaintiffs' prayer for a permanent injunction.[5]

The order of December 12, 1957, should be set aside, and the motion to dismiss filed by defendants should be overruled.

An order in accordance with the above should be entered.

5. A subsidiary question is raised as to whether the Court under Rule 65(c) is required to or should compel plaintiffs to give security upon the granting of the preliminary injunction. The purpose of such security is to protect against damages caused by the improvident issuance of an injunction in advance of full hearing. United States v. Onan, 8 Cir., 190 F.2d 1, 7. The Court has a measure of discretion in determining the necessity for security. Urbain v. Knapp Bros. Mfg. Co., 6 Cir., 217 F.2d 810, 815–816. See also, Magidson v. Duggan, 8 Cir., 180 F.2d 473. Under the facts in the instant case the Court does not feel that security is necessary. In the first place, it does not seem that any damage would be sustained by defendants as a result of the issuance of the preliminary injunction, and, in the second place, it seems very unlikely that a full hearing would disclose that the preliminary injunction was improvidently issued. In other words, without attempting to pre-judge the issue, it seems that all matters governing the right of plaintiffs to an injunction are matters of record which the Court has already considered in granting the preliminary injunction.