**UNITED STATES of America,**
**Plaintiff,**

v.

**C. C. GUNN, Defendant.**

**Civ. A. No. 1491.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

April 7, 1960.

Chas. W. Atkinson, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Bethell & Pearce, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

There is before the court for consideration and disposition the plaintiff's motion for summary judgment.

The record, including the pleadings, admissions, affidavits and exhibits on file in the instant case, together with the record in the related case, Gunn v. Mathis, D.C., 157 F.Supp. 169, Civil No. 1385, discloses all of the material facts necessary to be considered in the determination of the motion.

The defendant is a citizen of Arkansas and resides at Van Buren in Crawford County. Jurisdiction is conferred by Title 28 U.S.C.A. §§ 1340 and 1345.

On April 14, 1950, and March 7, 1950, the defendant was sent statutory notices of deficiencies in taxes for the calendar years 1942, 1943, 1944, 1945 and 1946, plus 50 percent fraud penalties for the years 1942, 1943 and 1944. The fraud penalties were based upon a determination of the Commissioner of Internal Revenue that the defendant had filed false and fraudulent income tax returns for the years involved with the intent to evade the tax.

Following receipt of the notices of deficiencies, the defendant duly filed petitions in the Tax Court of the United States, Docket Nos. 28673 and 28674, which court on April 27, 1956, held that "the fraud penalties for 1942 to 1944, inclusive, were properly determined by respondent, and that petitioner's returns for those years were fraudulent with intent to evade tax.[1]

1. In the opinion of the Tax Court of January 27, 1956, preceding the judgment

entered on April 27, 1956, the court said:
"The next question is whether any

On July 26, 1956, the defendant filed his petition in the United States Court of Appeals for the Eighth Circuit for review of the decision of the Tax Court, but failed to file a bond as provided in Title 26 U.S.C.A. § 7485 (Internal Revenue Code of 1954), staying the assessment and collection of the deficiencies and fraud penalties as determined by the Tax Court by its decision of April 27, 1956.

On August 31, 1956, while the petition for review was pending in the Court of Appeals, assessments of the deficiencies and fraud penalties were made in conformity with the decision of the Tax Court, and on October 26, 1956, notices of tax lien based upon the assessments of August 31, 1956, were filed and recorded in the office of the Circuit Clerk and Recorder of Crawford County, Arkansas.

On August 8, 1957, the United States Court of Appeals rendered its opinion in the suit filed by the defendant, Gunn v. Commissioner of Internal Revenue, 8 Cir., 1957, 247 F.2d 359. On page 366 of the opinion the court said:

"For the reasons stated, the Tax Court's decision as related to the taxable years 1942–1944 is reversed, with remand for further proceedings, and the decision as related to the taxable years 1945–1946 is affirmed."

On November 15, 1957, the defendant commenced an action in this court, Gunn v. Mathis, D.C., 157 F.Supp. 169 (Civil No. 1385) against the District Director of Internal Revenue and other Internal Revenue employees seeking an injunction against any levy, seizure or distraint under the assessments of August 31, 1956, on the ground that such assessments as to the calendar years 1942, 1943.

part of the deficiencies determined against petitioner for 1942 to 1944, inclusive, is due to fraud with intent to evade tax. Section 293(b), Internal Revenue Code of 1939 [26 U.S.C.A. § 293(b)]. Respondent has the burden of proving fraud, and the proof must be clear and convincing. As already indicated, petitioner was negligent in failing to keep adequate books and records from which a correct computation of his income could have been made. We have frequently held that negligence is not sufficient proof of fraud. L. A. Meraux, 38 B.T.A. 200 (1938); Ned Wayburn, 32 B.T.A. 813 (1935). Here, however, we think that respondent has shown more than negligence. Petitioner's understatements for the three years for which fraud is charged were substantial in amount; he reported only one-fourth of the total net income charged to him by respondent. At various times in the taxable period petitioner maintained five bank accounts in different names. Business receipts were deposited in these accounts, and in 1944 petitioner paid for $20,000 worth of United States Government bonds by having debited a bank account in his wife's name in the amount of the purchase price. An additional $10,000 in bonds were bought by petitioner in the same year by endorsing over to the selling agent, a bank, checks made out to

him in payment for produce, no record being made of the receipt of the amounts of the checks. A year earlier petitioner bought a home at a cost of $8,500, which was paid for by drawing two checks—one for $6,500, the other for $2,000—on a bank account in the name of his sister-in-law. For 1945 petitioner had his wife report a net income of $21,755.99 as having been earned by her. When questioned petitioner conceded that the income was properly attributable to him.

"Petitioner testified, but his testimony did nothing to allay the natural inference of fraud created by the pattern of conduct just described. Where understatements of income over a period of years are substantial in amount, the inference is created, in the absence of a satisfactory explanation, that such understatements were purposeful and not the result of negligence or accident. Additionally, the various transactions described above, by which petitioner tried to disguise or hide some of his assets, lead us to believe that petitioner was attempting to create the impression of having received less income than he actually did receive. There was no other satisfactory explanation. Therefore we find that the fraud penalties for 1942 to 1944, inclusive, were properly determined by respondent, and that petitioner's returns for those years were fraudulent with intent to evade tax."

and 1944, by virtue of the decision of the Court of Appeals, had not become final.[2]

Following the remand to the Tax Court of Gunn v. Commissioner, supra, the Commissioner of Internal Revenue on December 9, 1957, filed in the Tax Court a motion to require the petitioner (defendant here) to make a further and better statement of the nature of his defense. On the next day the following order was entered by the Tax Court granting the Commissioner's motion:

"On December 9, 1957, the Commissioner filed a motion for a further and better statement of the nature of petitioner's defense. The premises considered, and so that as many facts as possible may be stipulated prior to trial, it is

"Ordered, that on or before January 3, 1958, petitioner file an amended petition making a further and better statement with respect to his net worth on December 31, 1941, and

on whatever other material dates petitioner intends to produce evidence of net worth, showing the following items:

"A.   Cash on hand.

"B.   Bank balances, showing the names and location of banks.

"C.   Securities, showing the nature of the items, dates acquired and cost.

"D.   Personal property, showing the individual items, dates acquired and cost.

"E.   Real property, showing the individual items, dates acquired by petitioner and cost.

"F.   Mortgages and notes held by petitioner, showing each individual instrument, dates acquired and basis therein.

"G.   Receivables, both business and personal, showing each individual item, dates acquired and basis therein.

"H.   Business investments, showing any interest owned by the peti-

---

2.   In the suit, Civil No. 1385, the plaintiff Gunn tendered to the defendant District Director of Internal Revenue the unpaid deficiencies and interest for the calendar years 1945–46 in accordance with the decision of the Tax Court of April 27, 1956, affirmed by the Court of Appeals as to the years 1945–46; prayed that the District Director of Internal Revenue and other employees be enjoined from making any levy, seizure or distraint under the assessment of August 31, 1956, and the lien recorded October 26, 1956.

On November 25, 1957, the defendants appeared by the United States Attorney and moved to dismiss the action on the ground that the venue was improper, that the court was without jurisdiction, and that the complaint failed to state a cause of action.

The first hearing on the prayer for a temporary restraining order was held on December 10, and two days later, December 12, the court entered an order holding that the venue was improperly laid in the Western District of Arkansas and ordering the case transferred to the Eastern District of Arkansas in accordance with Title 28 U.S.C.A. § 1406. Gunn v. Mathis, District Director of Internal Revenue, D.C., 157 F.Supp. 169–175.

On December 17, 1957, the plaintiff filed a motion for a new trial, and filed an

amendment thereto on December 27, 1957. A hearing on the motion for new trial and amendment thereto was set for January 6, 1958, and after the hearing the court on January 8 entered an order vacating and setting aside its order of December 12, 1957; overruled the defendants' motion to dismiss, and temporarily restrained the District Director of Internal Revenue from taking any action under the purported assessment of August 31, 1956, and the lien recorded October 26, 1956. See, 157 F.Supp. 169, 175–179.

On May 29, 1958, the defendants moved to dissolve and quash the temporary restraining order of January 8, 1958. A hearing was held on the motion on July 28, 1958. On the next day the court denied the motion of defendants to dissolve and quash the temporary restraining order and permanently enjoined and restrained the defendants from making any levy, seizure or distraint under the deficiency assessment of August 31, 1956, and the purported lien filed on October 26, 1956, insofar as the assessment and lien relate to the taxable years of 1942–44, inclusive.

Defendants filed notice of appeal, but on December 23, 1958, the appeal was dismissed upon motion of defendants.

tioner in any partnership, joint venture, syndicate or any other association, showing the specific association, the date the interest was acquired and the basis of petitioner's interest therein.

"I. Petitioner's mortgages and notes held by others, showing each individual instrument, dates given and the amounts owed on each.

"J. Payables, both business and personal, showing each individual item, dates on which obligations arose and amounts owed.

"K. Any additional assets or liabilities of whatever nature upon which the petitioner relies.

"Further ordered, that petitioner disclose in the amended petition his living expenses and the receipt by him of any nontaxable income in each of the years 1942, 1943, and 1944.

"(Signed) Norman O. Tietjens
Judge"

In compliance with the above order the defendant (petitioner there) filed his amended petition. A copy of the petition is attached as Exhibit D to the response of the defendant to the motion for summary judgment, but the court is not quoting the amended petition because of its length, but in the petition the defendant alleges in detail his defense to the claims of plaintiff for the years 1942, 1943 and 1944.

Upon the filing of the amended petition, the attorneys for the defendant and representatives of the plaintiff met at Oklahoma City, Oklahoma, on January 7, 1958, for the purpose of negotiating a stipulation of facts for use in the trial in the Tax Court on the amended petition in accordance with the mandate of the Court of Appeals. The meeting extended over a period of two days and resulted in the signing of the following stipulation:

"It is hereby stipulated that without considering the assessments made subsequent to the issuance of the deficiency notice:

"1. There is no deficiency in income tax and no penalty due from the petitioner for the taxable year 1942.

"2. There is a deficiency in income and victory tax in the amount of $5,701.22, penalty under section 293(a) of the Internal Revenue Code of 1939 in the amount of $333.21, claim for which is specifically hereby made, and no penalty under section 293(b) of the Internal Revenue Code of 1939, due from the petitioner for the taxable year 1943.

"3. There is a deficiency in income tax in the amount of $11,130.26 and penalty under section 293(b) of the Internal Revenue Code of 1939 in the amount of $7,691.75 due from the petitioner for the taxable year 1944.

"Effective upon entry of decision pursuant to this stipulation petitioner waives the restrictions, if any, contained in the Internal Revenue Code on the assessment and collection of the deficiencies and penalties plus statutory interest."

The stipulation was filed in the Tax Court on January 15, 1958, and on January 21, 1958, that court, Docket No. 28673, entered the following decision:

"Pursuant to written stipulation signed by counsel for the parties in the above-entitled case and filed with the Court on Jan. 15, 1958, at Oklahoma City, Okla. it is

"Ordered and decided: That, without considering the assessments made subsequent to the issuance of the notice of deficiency, there is no deficiency in income tax and no penalty due for the taxable year 1942; there is a deficiency in income and victory tax and addition to tax under Sec. 293(a), IRC 1939, due for the taxable year 1943 in the respective amounts of $5,701.22 and $333.21; and that there is a deficiency in income tax and an addition to tax under Sec. 293(b), IRC 1939, due for the taxable year 1944 in the respec-

tive amounts of $11,130.26 and $7,-691.75; and that there is no addition to tax under Sec. 293(b), IRC 1939, due for the taxable year 1943."

On February 28, 1958, a penalty of $333.21 for the year 1943 was assessed under Title 26 U.S.C.A. § 293(a), Internal Revenue Code of 1939.

In accordance with the decision of the Tax Court of January 21, 1958, and the order of this court permanently restraining and enjoining the District Director of Internal Revenue and other employees from making any levy, seizure, or distraint under the deficiency assessment of August 31, 1956, the assessments of August 31, 1956, and the assessment of February 28, 1958, were abated in full, and on December 24, 1958, new assessments for the years 1943 and 1944 were made.

On June 15, 1959, plaintiff filed its complaint and seeks to recover judgment for the amount of the assessment of December 24, 1958.

On July 2, 1959, the defendant filed his answer, in effect, denying that he was indebted to the plaintiff in any sum whatever, and in numbered paragraph 18 of the answer alleged that the assessments of December 24, 1958, for the years 1943 and 1944 are barred by the statute of limitations.

Simultaneously with the filing of the answer, the defendant filed his request for admissions under Rule 36, F.R.Civ.P., 28 U.S.C.A. The court granted the plaintiff additional time in which to respond to the requests, and within the time allowed the plaintiff on August 3, 1959, filed its response to the said requests, and on the same date filed its motion for summary judgment.

Further reference to the request for admissions and the response thereto is not necessary since they, together with the record in the instant case and the related case, Civil No. 1385, disclose "that there is no genuine issue as to any material fact" relevant to the question presented to the court by the motion for summary judgment.

Following the filing of the motion for summary judgment, the defendant on August 13, 1959, filed a motion to require plaintiff to file a reply "to defendant's answer and affirmative defense; requiring plaintiff to set forth whether it relies upon civil fraud for calendar years 1943 or 1944 or either of such years, and if so, to allege with particularity the circumstances constituting such civil fraud; and deferring consideration of plaintiff's motion for summary judgment until this motion has been heard."

On August 17, 1959, the court fixed September 9, 1959, as a date for a hearing on defendant's motion to require plaintiff to file a reply. On that date the hearing was held, and at the conclusion of the hearing the motion was taken under advisement and the parties were requested to file briefs in support of their respective contentions.

The court held that the defendant did not, by executing the stipulation of January 15, 1958, waive the statute of limitations as pleaded in paragraph numbered 18 of his answer. An order was entered granting the motion of defendant and allowing plaintiff 60 days in which to file reply to the plea of the statute of limitations.[3]

---

3. In a letter opinion dated November 13, 1959, addressed to the attorneys the court said:

"The motion of defendant filed herein on August 13, 1959, to require plaintiff to file a reply to the defendant's answer and affirmative defense, and to set forth whether it relies upon civil fraud for the calendar years 1943 and 1944, or either of such years, and if so to allege with particularity the circumstances constituting such civil fraud, and deferring consideration of plaintiff's motion for summary judgment until the motion to require plaintiff to file a reply is determined, has been considered.

"It will be recalled that this motion was orally argued on September 9, 1959, and at the conclusion of the argument the parties were requested to submit written briefs in support of their contentions relative to the motion.

"The brief of the defendant in support of his motion was submitted to the court

The reply was filed January 11, 1960, and, omitting the formal parts, is as follows:

"1. The assessments of taxes referred to in Paragraph XIV of the Complaint were timely made because

"(a) of the waiver contained in the Tax Court Stipulation, which

on September 23 and the brief of plaintiff in opposition to the motion was submitted October 16, 1959.

"The plaintiff on the first page of its brief submits four propositions, as follows:

"I. The issue of fraud on the part of the defendant is res adjudicata.

"II. The defendant has waived the statute of limitations by his stipulation in the Tax Court of the United States.

"III. The defendant is estopped from asserting the defense of the statute of limitations.

"IV. No useful purpose would be served by filing a reply.

"These contentions will be considered in the order above set forth.

"I. The complaint of the plaintiff contains a brief résumé of the litigation between the parties and pleads inferentially that the decision of the Court of Appeals in Gunn v. Commissioner of Internal Revenue, [8 Cir.,] (1957), 247 F.2d 359, or the judgment of the Tax Court entered January 21, 1958, is res adjudicata.

"II. The parties executed a stipulation, which was filed in the Tax Court in Oklahoma City on January 15, 1958, and upon which the decision of that Court on January 21, 1958, was based. Specifically the last paragraph of the stipulation provides:

" 'Effective upon entry of decision pursuant to this stipulation petitioner waives the restrictions, if any, contained in the Internal Revenue Code on the assessment and collection of the deficiencies and penalties plus statutory interest.'

"This provision of the stipulation is not a waiver of the plea of the statute of limitations, as pleaded in numbered paragraph 18 of defendant's answer.

"III. If in truth and in fact the assessment of December 24, 1958, upon which the complaint is based, is barred by the applicable statute of limitations, it is difficult to understand how the defendant would be estopped from asserting the defense of the statute of limitations.

"IV. Rule 7(a), F.R.Civ.P., enumerates the pleadings that are allowed. A

stipulation is set forth in Paragraph XI of the Complaint,

"(b) the defendant filed false and fraudulent returns with intent to evade taxes in that he knowingly, wilfully, and with fraudulent intent omitted to report all of his taxable income. For the year 1943, the de-

reply is not required by the terms of the rule, but the last sentence of subsection (a) provides:

" 'No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.'

"Rule 8(c), F.R.Civ.P., provides:

" 'In pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata * * *, statute of limitations, * * * and any other matter constituting an avoidance or affirmative defense.'

"The plaintiff on its brief contends that it is not necessary to reply to the plea of the statute of limitations because, by former adjudications, the defendant has been found guilty of fraud, but in my opinion if the plaintiff desires to plead fraud as a defense to the plea of the statute of limitations, the same should be specifically pleaded as provided in Rule 9(b):

" 'In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'

"I do not think it is necessary for the plaintiff to further plead as res adjudicata the judgment of the United States Circuit Court of Appeals as reflected in 247 F.2d 359, or the Tax Court as reflected in its decision of January 21, 1958, since Rule 9(e) provides:

" 'In pleading a judgment or decision of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decision without setting forth matter showing jurisdiction to render it.'

"The court is not passing upon the motion of the plaintiff for summary judgment filed herein on August 3, 1959, and will not do so unless plaintiff declines to file a reply in accordance with the motion of the defendant.

"Therefore an order is being entered today granting the motion of defendant filed herein on August 13, 1959, as hereinbefore referred to, and allowing plaintiff 60 days in which to file a reply to the plea of the statute of limitations."

fendant wilfully and fraudulently understated his income tax net income and his victory tax net income in that for the year 1943 he reported income tax net income of $5,818.06 and victory tax net income of $6,612.29, knowing that in fact he had an income tax net income and a victory tax net income in excess of the amounts reported. For the year 1944, the defendant wilfully and fraudulently understated his income tax net income in that for the year 1944 he reported income of $14,370.80, knowing that in fact he had an income tax net income in excess of the amount reported. At the time of making and filing said return, the defendant knew the same to be false and fraudulent, and as a result of said false and fraudulent return the defendant understated the amount of income tax due for the years 1943 and 1944 and the amount of victory tax for the year 1943." [4]

As stated in footnote 4, the court, in the consideration of the motion of defendant to require plaintiff to file a reply to the plea of the statute of limitations, did not consider whether the judgment of the Tax Court entered January 21, 1958, upon the stipulation of the attorneys executed and filed January 15, 1958,

was res judicata of the question of fraud as pleaded in the motion for summary judgment.

In Civil Action No. 1385, Gunn v. Mathis, D.C., 157 F.Supp. 169, the court, beginning at page 175 of 157 F.Supp., did consider the effect of the judgment of the Court of Appeals in Gunn v. Commissioner, supra, and at page 178 of 157 F.Supp. said:

"The only thing settled by the opinion of the Court of Appeals in the instant case is the tax liability for the years 1945 and 1946. The case was remanded to the Tax Court as to the years 1942, 1943 and 1944 and, as above pointed out, the Tax Court is free to determine the amount of the deficiency, if any, chargeable to the taxpayer. It is true that the Court of Appeals stated that it would have permitted the Tax Court decision to stand if it had not been for the unrealistic finding with regard to the opening net worth. Nevertheless, in view of the unrealistic finding the court reversed the Tax Court decision and remanded the case to the Tax Court with the privilege given to the parties to introduce any additional evidence relating to the amounts of the deficiencies, if any, for the years 1942, 1943 and 1944." [5]

4. In considering the motion to require plaintiff to file a reply, the court did not consider the motion for summary judgment, but in retrospect it appears that the court should have first determined the motion for summary judgment before considering the motion of the defendant to require plaintiff to file a reply to its plea of the statute of limitations.

5. The judgment entered in Civil Action No. 1385, omitting the formal parts, is as follows:
"On July 28, 1958, the motion of defendants, with its exhibit, filed herein May 29, 1958, praying that the temporary restraining order entered herein on January 6, 1958, be quashed and set aside and, also, the plaintiff's motion to make the temporary restraining order permanent filed herein on June 5, 1958, came on for hearing, the plaintiffs appearing by Mr. Owen C. Pearce, their attorney,

and the defendants appearing by Mr. Charles W. Atkinson, United States Attorney for the Western District of Arkansas,

"And it appearing to the Court upon consideration of the oral argument of counsel for the respective parties and the entire record, including Exhibit 'A' to defendants' motion, that on January 21, 1958, the Tax Court of the United States entered its judgment upon the stipulation of counsel which the parties filed in said Court on January 15, 1958, in which judgment the Tax Court found from the stipulation of the parties that there was no deficiency in income tax and no penalty due from plaintiffs for the taxable year 1942; that there is a deficiency in income and victory tax for the taxable year 1943 in the sum of $5,701.22 and $333.21 penalty, and for the taxable year 1944 there is due from plaintiffs $11,-

There was no appeal from the judgment of this Court in Gunn v. Mathis, supra, but the only question determined was that the assessment of August 31, 1956, had been superseded by the judgment of the Tax Court entered January 21, 1958. The fact that the court did not consider and pass upon the contention of the plaintiff that the judgment of the Tax Court of January 21, 1958, was res judicata of the question of fraud when the court had under consideration the motion to require plaintiff to file a reply to the plea of the statute of limitations is not decisive, and the question now is whether the judgment of the Tax Court upon which this suit is based is res judicata of the question of fraud, and, incidentally, if not res judicata, whether at a trial of the instant case the burden would be upon the plaintiff to establish that the defendant was guilty of fraud in the filing of his tax returns for the years 1942, 1943 and 1944.

In the argument in Civil Action No. 1385, Gunn v. Mathis, supra, the parties stressed the effect of the last paragraph of numbered paragraph three of the stipulation upon which the judgment of the Tax Court was entered. That paragraph reads as follows:

"Effective upon entry of decision pursuant to this stipulation, petitioner waives the restrictions, if any, contained in the Internal Revenue Code on the assessment and collec-

tion of the deficiencies and penalties plus statutory interest."

■ After a study and comparison of the statutory provisions on assessment and collection and the statutes of limitations, together with the regulations issued under the Internal Revenue Code of 1954, the court held only that the plea of the statute of limitations was not expressly waived by the provisions of the stipulation set forth above. In other words, a waiver of the restrictions on assessment and collection of deficiencies and penalties is not, standing alone, a waiver of the plea of the statute of limitations.

The defendant contends that the plaintiff recognized that the Court of Appeals had remanded the case to the Tax Court for a retrial upon all questions including the question of fraud. However, a reference to the order of the Tax Court of December 10, 1957, upon the motion of the Commissioner to require the defendant to file an amended petition "making a further and better statement with respect to his net worth on December 31, 1941, and on whatever other material dates petitioner intends to produce evidence of net worth" appears to controvert this contention of defendant.

The Court of Appeals in Gunn v. Commissioner, supra, beginning on page 365 of 247 F.2d said:

"The question of whether there had been fraud with intent to evade

130.26 in income tax and $7,691.75 penalty, and

"It further appearing that counsel stipulated that, effective upon entry of the decision or judgment of the Tax Court of the United States pursuant to the stipulation, the plaintiffs waived the restrictions, if any, contained in the Internal Revenue Code on the assessment and collection of the deficiencies and penalties, plus statutory interest; that the parties entering said stipulation contemplated that the Commissioner of Internal Revenue would, upon entry of the Court's decision, immediately assess the deficiency with accrued interest; and that no deficiency assessment has been made; the Court is of the opinion that, on the au-

thority of Title 26, U.S.C.A., Section 6213, and the provisions of the stipulation, the motion of defendants should be denied and the motion of plaintiffs granted.

"It is, therefore, ordered, adjudged and decreed that defendants and each of them be and are permanently enjoined and restrained from making any levy, seizure or distraint under the deficiency assessment of August 31, 1956, and the purported lien filed on October 26, 1956, in the Office of the Circuit Clerk of Crawford County, Arkansas, insofar as said assessment and lien relate to the taxable years of 1942, 1943 and 1944.

"This 29th day of July, 1958."

taxes, under 26 U.S.C.A., Int.Rev. Code of 1939, § 293(b), was one of fact for the Tax Court on the elements as a whole, of the circumstances, conduct and incidents related to the taxpayer's business and attendant upon his tax returns, and one which we are not entitled to disturb, where, as here, it rests on clear and convincing evidence. Mertens Law of Federal Income Taxation § 55.11."

The defendant also earnestly and vigorously contends in opposition to the motion for summary judgment that, notwithstanding the provisions of numbered paragraphs 1, 2 and 3 of the stipulation, he is now entitled to plead the statute of limitations as set forth in numbered paragraph 18 of his answer, which is as follows:

"18. Despite the fact that after September 5 of 1958, representatives of the plaintiff were barred by limitations from making any assessments of income taxes, penalty and interest for calendar years 1943 or 1944, plaintiff's representative, the Commissioner of Internal Revenue, purported to make certain assessments on December 24, 1958, as set forth in paragraph XIV of plaintiff's complaint. Said purported assessments are barred by limitations as aforesaid."

He further contends that it was not within the competency of the parties to stipulate that the returns were fraudulent or not fraudulent because that is a question of law to be determined by the court. But it must be remembered that this stipulation was entered into after a full two days' conference in Oklahoma City, Oklahoma. The defendant in his brief states that the conference has been suggested by the Tax Court in its order of December 10, 1957, in which it stated that the parties should stipulate as many facts as possible prior to the trial, but, regardless of the reason for the meeting and conference, it resulted in the execution and filing of the stipulation. It will be recalled that the parties stipulated that there is no deficiency in income tax and no penalty due from defendant for the taxable year 1942; that there is a deficiency in income and victory tax and penalty under Section 293(a) of the Internal Revenue Code of 1939, "claim for which is specifically hereby made," and no penalty under Section 293(b) of the Internal Revenue Code of 1939, due from the petitioner for the taxable year 1943; that there is a deficiency in income tax and penalty under Section 293(b) of the Internal Revenue Code of 1939 due from the petitioner for the taxable year 1944.

The defendant further argues that by the use of the words:

"It should be added that, while petitioner thus is being accorded the privilege of introducing further evidence generally on his 1942, 1943 and 1944 tax liability, because of the reversal required from the unrealisticness on the present record of the zero-cash determination made as to the opening net worth, the situation is one in which otherwise the decision of the Tax Court in its various aspects would have been permitted by us to stand." (at page 365 of 247 F.2d.)

and

" * * * the Tax Court's decision as related to the taxable years 1942–1944 is reversed, with remand for further proceedings * * *" (at page 366 of 247 F.2d.)

that the Court of Appeals reversed the decision of the Tax Court as to the questions of the amount of the tax and also the question of fraud.

In support of the argument the defendant states, "civil fraud penalties, negligence penalties, and the other so-called 'ad valorem' penalties have always been considered as part of the tax and part of the deficiency in the administration of federal taxes and in tribunals dealing with tax questions." The court agrees that penalties are considered a part of the tax, but the amount of the

penalties is determined by the deficiency found in the tax.

All that the mandate of the Court of Appeals required of the Tax Court was to correctly establish the net worth of defendant as of December 31, 1941, and from that beginning to determine the deficiency in tax and penalties, if any.

At page 365 of 247 F.2d the Court of Appeals said:

"On the record before us, the decision of the Tax Court, for lack of realistic consideration and evaluation as discussed above, is reversed as to the redeterminations of deficiencies, made by it for the years 1942, 1943 and 1944, predicated upon the net-worth figure used by it for December 31, 1941, and as to the penalties dependent thereon for their amounts. The parties should on further hearing or proceedings be given the opportunity to introduce any additional evidence available to them, in respect to petitioner's net worth on December 31, 1941, and to any other element relating to the amounts of the deficiencies for the three years mentioned."

Instead of the Tax Court being required to determine in a hearing upon the mandate the deficiencies for the years 1942–1944, predicated upon the net-worth figure as of December 31, 1941, and the penalties dependent thereon, the parties stipulated the facts. In other words, they compromised the controversy between them. The compromise was evidenced by the stipulation, and the Tax Court found and adjudged from the stipulation the amount of the deficiencies and the penalties.

Section 275(a) of the Internal Revenue Code of 1939, as amended, 26 U.S. C.A. § 275(a), reads:

"(a) General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

This section of the 1939 Code is carried forward, and appears as Section 6501(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6501(a).

However, Sec. 276(a) of the 1939 Code, 26 U.S.C.A. § 276(a), sets forth the exception to the general rule as follows:

"In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

The same exception appears as Sec. 6501(c) of the Internal Revenue Code of 1954.

The decisions, so far as this court is advised, uniformly hold that if the income tax return was fraudulent, the assessment may be made at any time or a proceeding in court to collect the tax may be instituted at any time.

Even though the reversal by the Court of Appeals of the Tax Court's decision for the years 1942, 1943 and 1944 was a reversal not only as to the amount of the deficiency in the tax, but also on the question of fraud, yet the action of the parties in entering into the stipulation and the judgment of the Tax Court entered thereon on January 21, 1958, is conclusive of the amount of the deficiencies and fraud, and defendant cannot complain of the date of the assessment that was made on the judgment. He is liable for the taxes including the penalties set forth in that judgment. Sec. 7121, Internal Revenue Code of 1954, 26 U.S.C. § 7121.

Therefore, the motion of plaintiff for summary judgment in accordance with the prayer of the complaint should be granted, and an order in accordance herewith is being entered today.